## ELLIS *v.* JANES, WILLIS LONG, AND W. B. LONG.

In an action of ejectment against several defendants, the plaintiff has the right to prove what part of the land in dispute was occupied by one of the defendants.

It has been held that the declarations of a tenant in possession of land, those declarations being made at the time of possession, may sometimes be given in evidence as a part of the *res gestæ* to qualify the possession, the possession being the transaction which the declarations illustrate. But in order, and prior to the introduction of these declarations, it must be proved that the tenant was in possession at the time the proposed declarations were made.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

This was an action of ejectment, to recover possession of a tract of land in Solano county. Plaintiff claimed title by purchase and deed of conveyance from Marshall M. Basye, and also by the location of school-land warrants thereon, under the act of the Legislature of California.

Defendant Janes answered separately, denying generally the allegations of the complaint, and alleging a defect of parties defendant.

Defendants Willis Long and W. B. Long answered, setting up title in themselves and James H. Long, Garret Long, and Henry C. Long, and also alleging a defect of parties defendant. Defendants claimed title to the premises by deed of conveyance from John Patten, Sen., John Patten, Jr., and Albert G. Lyon.

Ellis *v.* Janes.

The cause was tried by a jury. On the trial, Thos. M. Swan, a witness for the plaintiff, testified that he was acquainted with the land in dispute; that he, (witness,) Whitman, and Peabody, were appointed referees to divide a tract of land in that valley. Witness surveyed the land in dispute. Defendants' counsel here asked witness if he was county surveyor. Witness replied that he was not. Defendants' counsel then moved the Court to exclude the testimony of this witness, which motion was sustained by the Court. Plaintiff excepted. Plaintiff's counsel then exhibited a plat of the land, made out by the witness, and asked him if it was a correct plat of the land. Witness answered that it was. Plaintiff then offered in evidence the plat, which was objected to by defendants, and the Court sustained the objection, and refused to let the plat go to the jury as evidence. Plaintiff excepted.

In the further progress of the trial, Henry Ellis, a witness for the plaintiffs, after stating that he knew the tract of land, its lines, etc., plaintiff's counsel asked him, after reading to the witness the description of the land from the complaint, the following question : " Will you state what amount of land, if any, held by Janes, is the same described in the complaint?" Defendants objected to this question; the Court sustained the objection, and witness was not allowed to answer. Plaintiff excepted.

In the further progress of the trial, Albert Lyon, a witness for the defendants, was asked by the defendants' counsel the following question: "Had you ever heard, previous to the sale to Longs, from any one, that Basye had been up to see Patten about getting permission to stay in the house?" (House on the disputed tract of land.) This question was objected to by the defendants' counsel, on two grounds :

· 1. It is hearsay testimony.

2. It is irrelevant.

The Court overruled the objection, and witness answered :

"I can not say. I have heard that Basye was living under old man Patten's permission; heard it from some of old man Patten's folks; can't say from whom."

Plaintiff's counsel moved to strike out this answer, and exclude the same from the jury; the Court overruled the motion, and allowed the testimony to go to the jury. Plaintiff excepted.

Defendants had verdict and judgment. Plaintiff moved for a new trial, which was denied, and he appealed to this Court.

*Ralston & Wallace* for Appellant.

1. The Court erred in excluding from the jury the evidence of Thomas Swan, and also in excluding from the jury the plat of land offered in evidence by appellant, after having proved the correctness of the same.

2. The Court erred in refusing the appellant to ask the follow-

ing question : " Will you state what amount of land, if any, held by Janes, is the same described in the complaint ? "

3. The Court erred in allowing the defendants to ask the following question of the witness Lyon, and permitting his answer to go the jury, and refusing to exclude the same from the jury : " Had you ever heard, previous to the sale to Longs, from any one, that Basye had been up to see Patten about getting permission to stay in the house ?" " I can not say. I had heard that Basye was living under old man Patten; heard it from some of old man Patten's folks; can't say from whom." Wilbum *v.* Ritchie, 2 Cal., 145; Parker *v.* Smith, 4 Cal., 105; 2 Phillipps on Evidence, 401, 402; Cowen & Hill's Notes, 719, note 366–368; 7 Cranch, 290–299; Mina Queen and child, petitioners, *v.* Heburn, 1 Wheat.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Several errors occurred on the trial :

1. The Court erred in refusing to permit the witness Swan, who testified that he had made a survey of the demanded premises, to answer whether the plat of the land made by him, and produced, was a correct plat of the premises.

2. The Court erred in refusing to permit the witness to testify what part of the land in dispute was occupied by the defendant Janes.

3. The Court erred in refusing to exclude that portion of the testimony of Lyons which stated that witness heard that Basye, (a tenant on the land,) was living there under Patten's permission—" heard it from some of old man Patten's folks; can't tell from whom."

Several other errors of the same character intervened during the trial. It has been held that the declarations of a tenant in possession of land, those declarations being made at the time of possession, may sometimes be given in evidence as a part of the *res gestœ* to qualify the possession, the possession being the transaction which the declarations illustrate. But in order, and prior to the introduction of these declarations, it must be proved that the tenant was in possession at the time the proposed declarations were made. This foundation does not seem to have been laid in these instances, and the declarations, therefore, were, like any other hearsay evidence, inadmissible.

It is not necessary to consider all the various errors assigned.

The judgment is reversed, and cause remanded.