Comstock *v.* Clemens.

---

## COMSTOCK *v.* CLEMENS *et al.*

WHERE defendant, December 19th, under sections five hundred and twelve and five hundred and fourteen of the Practice Act, served on plaintiff, a nonresident, notice to give security for costs, the notice not being accompanied with an order staying proceedings, and on the next day judgment was rendered for defendant, and plaintiff appealed to the Supreme Court: *Held*, on motion to dismiss the appeal, that, after judgment, it was too late to move to dismiss the action; that the undertaking on appeal is sufficient security for costs subsequently incurred, and that the motion must be denied.

Where plaintiff seeks to enjoin a sale of personal property under an execution issued upon a judgment recovered against him in a Justice's Court, on the ground that the summons was never served on him, and therefore that the Justice never acquired jurisdiction of his person: *Held*, that plaintiff's remedy is by motion in the Justice's Court to set aside the execution.

*Held, further*, that if the Justice should deny the motion, plaintiff can appeal to the County Court from the judgment, if the time for appeal has not elapsed, and raise by motion there the question as to the jurisdiction of the Justice. The appeal would be on a question of law, and would be heard on the papers in the action, or on a statement.

*Held, further,* that if the time for the appeal has elapsed, plaintiff can apply to the County Court for a writ of *certiorari,* and thus review the action of the Justice in rendering the judgment, so far as the question of jurisdiction is concerned.

APPEAL from the Fifth District.

Clemens sued Comstock in a Justice's Court for the balance of an account. Summons issued and the following return made thereon by the party deputized to serve it: "I hereby certify that I left a copy of the within in hands of Mrs. E. H. Comstock." Upon the return day, defendant not appearing, judgment was rendered for plaintiff and execution issued, under which the Constable was proceeding to sell certain personal property previously attached in the suit. At the time the suit was brought, and up to the levy of the execution, defendant Comstock was absent from the State and had no notice of the suit. The present action is brought against Clemens, the Constable and the Justice, to enjoin the sale and set aside the judgment—the complaint averring the above facts, and also that plaintiff has a good defense, as his counsel informs him and as he believes. The Court below granted a preliminary injunction at the time of filing the complaint. Afterwards defendant moved to dissolve the injunction, which motion was granted and the bill dismissed. Further facts appear in the opinion of the Court. Plaintiff appeals.

At the July term, 1861, respondents moved to dismiss the appeal, as stated in the opinion. The motion being denied, the case was argued on its merits.

*Hall & Huggins,* for Appellant.

I. The judgment having been rendered without service, or appearance of Comstock, was *coram non judice* and void. (Pr. Act, sec. 542; *Jordan* v. *Giblin,* 12 Cal.; *Manning* v. *Johnson,* 7 Barb. 457; *Lowe* v. *Alexander,* 15 Cal. 296; *Smith* v. *Ross & Strong,* 7 Mo. 463; *Sanders* v. *Rains et al.,* 10 Id. 771.)

II. The judgment being void, for want of jurisdiction, may be attacked either collaterally or directly, and the defendant therein is entitled to be protected against its enforcement by means of in-

Comstock *v.* Clemens.

junction. (Pr. Act, sec. 112; Freeman's Ch. R. 83; *Sanders* v. *Rains*, 10 Mo. 772; *Weeks* v. *Ludwig*, 9 Cal. 172; *Swain and Marsh* v. *Chase*, 12 Id. 283 *et seq.*)

III.   Plaintiff had no adequate remedy by appeal to the County Court. (1 Story's Eq. Jur. sec. 80; *Duff* v. *Fisher*, 15 Cal. 381.) An appeal would not *per se* have afforded any relief; it would not "have prevented the threatened injury," unless burdened with the condition or obligation to recognize the judgment as such, and to give the defendant Clemens a bond to pay all damages, etc., and the debt, if a recovery was again had in the appellate Court.

IV.   Again, there was no judgment from which to appeal. The Justice of the Peace acquired no jurisdiction. (9 Cal. 173–5.)

*G. W. Tyler,* for Respondents.

I.   Where a Justice has jurisdiction of the subject matter of the action, his judgment, though erroneous, is binding on the parties till reversed on appeal, or declared void on writ of *certiorari.* (*Dorente* v. *Sullivan*, 7 Cal. 279; *Emery* v. *Nelson*, 9 S. & R. 12; *Warburton* v. *Aiken*, 1 McLean, 460; *Swiggart* v. *Harber*, 4 Scam. 364; *Le Grange* v. *Ward*, 11 Ohio, 257.)

II.   The judgment is not void, but voidable only, and cannot be attacked collaterally. (*Tarbox* v. *Hayes*, 6 Watts, 398; *Thompson* v. *O'Hanlan*, 6 Id. 492; 3 McCord, 245; *Dorente* v. *Sullivan*, 7 Cal. 279; *White* v. *Albertson*, 3 Duer. 241; *Williams* v. *Woodhouse*, 3 Id. 257; *Perryman* v. *State of Miss.*, 8 Miss. 208; *Obert* v. *Hummel*, 3 Harr. 73; *Bannister* v. *Higginson*, 3 Ship. 73. See also *Tappan* v. *Nutting*, Brayt. 137; *Eastman* v. *Curtis*, 4 Term, 616; *Luckett* v. *Gwathmey*, Litt. Sel. Cas. 121.)

If voidable only, the party had an adequate remedy by appeal, as the time for appeal had not run at the time of the commencement of this suit.

If absolutely void, the party has mistaken his remedy, for he has still an adequate remedy at law by a writ of *certiorari*, and Courts of Equity do not interfere in such cases. (Practice Act, sec. 456 *et seq.*)

Comstock *v.* Clemens.

On the motion to dismiss, FIELD, C. J. at the July term delivered the opinion of the Court—COPE, J. concurring.

This is a motion to dismiss the appeal on the ground that the plaintiff has failed to give security for costs after being required under sections five hundred and twelve and five hundred and fourteen of the Practice Act, he being a nonresident. Notice requiring such security was served on the twelfth of December, and the appeal was perfected on the nineteenth of January. No order staying proceedings accompanied the notice, and on the day following its service judgment was rendered in the action. It was too late to ask a dismissal of the action after judgment was rendered, and the undertaking on appeal furnishes sufficient security for the costs which may be subsequently incurred. Motion denied.

On the merits, FIELD, C. J. at the October term delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The plaintiff seeks to enjoin the sale of certain personal property under an execution issued upon a judgment recovered against him in a Justice's Court, and bases his claim for relief upon the ground that the Court never acquired any jurisdiction of his person. He avers that the summons issued in the action, in which the judgment was entered, was never served upon him. If this averment be true, he has an effectual remedy by motion to the Court to set the execution aside. The Justice possesses the power at all times to arrest process issued upon judgments entered in his docket which are void. If upon a proper presentation of the facts, the Justice should deny the motion, the plaintiff can appeal to the County Court from the judgment, if the time for that purpose has not elapsed, and raise by motion there the question as to the jurisdiction of the Justice. The appeal would be upon a question of law, and would of course be heard upon the papers in the action, or upon a statement prepared. (See sec. 625, Pr. Act, as amended in 1855.) But if the time to appeal has elapsed, the plaintiff can apply to the County Court for a writ of *certiorari*, and by that proceeding obtain a review of the action of the Justice in rendering the judgment, so far as the question of jurisdiction is concerned.

Judgment affirmed.