## FRANCIS J. DOHERTY *v.* ANDREW E. THAYER.

TRANSFER OF CAUSE FROM JUSTICE'S TO DISTRICT COURT.—If, upon the filing of the defendant's verified answer in a Justice's Court, it appears in the answer that the determination of the action will necessarily involve a question of title to real property, the cause should be transferred to a District Court, and when so transferred the District Court obtains complete jurisdiction in the premises.

JURISDICTION OF SUPREME COURT ON APPEAL.—The Supreme Court has jurisdiction of appeals from the District Courts in actions for damages to real property, where the question of title to real property is involved, although the damages claimed are less than three hundred dollars.

MAP OF COUNTY SURVEYOR AS EVIDENCE.—A plat of a survey made by a County Surveyor is not admissible in evidence unless it is made out and certified to in a form constituting it evidence, as provided in the third, seventh, and tenth sections of the Act of April, 1850, prescribing the duties of County Surveyors. Such survey may be admitted as a private survey without being thus made out and certified to.

EVIDENCE OF SURVEY.—A witness who is not a County Surveyor may be admitted to testify to a survey which he has made, although he is not called to rebut or explain a survey made by a County Surveyor.

TRESPASS *quare clausum fregit.*—The plaintiff is not entitled to recover damages for a trespass *quare clausum fregit*, alleged in his complaint to have been committed on his own land, when in fact the trespass was committed upon another piece of land.

DAMAGES FOR REMOVAL OF FENCE FROM PUBLIC ROAD.—A plaintiff is not enti-
tled to recover damages for the removal of a fence, placed by the plaintiff upon a
public highway, the title to which is in the defendant, subject to the right of the
public to an easement over it as a public highway.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. W. F. Sloan*, for Appellant, argued that respondent could only recover for a trespass committed on the land described in the complaint, and that even if appellant, as the owner of the soil where the highway was, had dedicated the same as a public highway, this dedication did not transfer the property in the soil to the respondent so as to enable him to recover for damages done by the respondent to the realty.

*Crockett & Whiting*, for Respondent, argued that the judgment of the District Court was final, and the Supreme Court had no jurisdiction on appeal, because the demand, exclusive of interest, was less than three hundred dollars; and cited Art. VI, Sec. 4, of the Constitution; *Dumphy* v. *Hildreth*, 13 Cal. 28; *Votan* v. *Reese*, 20 Cal. 89; and *Hopkins* v. *Cheeseman*, 28 Cal. 180. They also argued that it was not material whether the fence was on plaintiff's land, provided it was erected by him and inclosed premises actually in his possession; and that the plat of the County Surveyor was not admissible in evidence, unless he certified to it, and furnished his field notes with courses and distances; and cited Hittell's Dig., § 7,042.

*J. P. Treadwell*, in reply, argued that the Supreme Court had appellate jurisdiction, because Art. VI, Sec. 4, of the Constitution, gave the Supreme Court appellate jurisdiction in all cases at law which involved the title or possession of real estate.

By the Court, CURREY, C. J.:

This action was commenced in a Justice's Court to recover damage in the sum of two hundred and ninety-nine dollars, for an injury done by the defendant to real estate, alleged to belong to the plaintiff, in the taking down and removal of a fence thereupon. The parcel of land, as described in the complaint, is a part of Fifty-vara Lot Number One Thousand Three Hundred and Ninety-nine, in the City of San Francisco, situated on Larkin street, between Broadway and Vallejo streets, and it is averred in the complaint that the injury done was upon this parcel of land. The defendant answered that he was, at the time of the commission of the act for which he was sued, the owner and in the possession, and entitled to the possession, of the *locus in quo,* and that he tore down and took away the fence described as he lawfully might as the owner of the land on which it stood, and he denied that the plaintiff had sustained any damage by reason of the premises; and thereupon the cause was certified and transferred to the District Court.

Upon the trial evidence was introducd tending to support the issue on plaintiff's part, after which defendant proceeded to prove that he was the owner of Fifty-vara Lot Number One Thousand Three Hundred and Ninety-eight, which adjoined Fifty-vara Lot Number One Thousand Three Hundred and Ninety-nine on the north, whereupon the plaintiff admitted that the defendant, at the time of removing the fence and long before, had, and ever since then had, the legal title to portion of Fifty-vara Lot Number One Thousand Three Hundred and Ninety-eight lying next to the parcel of land described in the complaint, of the same depth and fifty-seven and a half feet in breadth; but it was provided that such admission should not estop the plaintiff from showing that the southerly part of this land so belonging to the defendant, of the breadth of seventeen feet, had been dedicated to be, and had been used as, a public street or alley of the City of San Francisco.

The respective parties then called witnesses, who testified

in reference to the particular location of the fence which the defendant removed.   The plaintiff's witnesses testified, against the defendant's objection, to having measured the fifty-vara lot of which the *locus in quo* was alleged to be a portion.   The evidence on the part of plaintiff tended to prove that the fence stood upon the north side of the parcel of land described in the complaint, while that of the defendant's witnesses tended to prove that it stood some five feet north of the line dividing the two fifty-vara lots named, and on the land which it was admitted belonged to the defendant.   Testimony was also introduced on the part of the plaintiff to the effect that for ten years before the trial, a street or alley seventeen feet wide, known as Hamlin Place, or Fulton street, running on and along the south side of Fifty-vara Lot Number One Thousand Three Hundred and Ninety-eight, its whole depth from Larkin street, had been there, and during all that time had been kept open and used by the public as a thoroughfare; that several houses situated on the last mentioned lot fronted on said street or alley, the occupants of which used the street or alley as the means of access to and from said houses from the time when they were built, some of which were built seven or eight years before the trial.

On the part of the defendant, a Deputy Surveyor of the City and County of San Francisco testified to a survey made by him on the 20th of August, 1864, with the view of ascertaining the dividing line between the two fifty-vara lots. There was exhibited at the same time to the witness, a plat of the land surveyed, which had indorsed upon it the words and figures: "Duplicate of survey No. 6,590, made for A. E. Thayer, San Francisco, August 20th, 1864," which was signed, "George C. Potter, City and County Surveyor."   The defendant offered this plat with said indorsement in evidence, as the plat of an official survey by the County Surveyor, which being objected to, the Court excluded it as an official plat of the Surveyor, but admitted it as a private survey of the witness on the stand, to which ruling the defendant excepted.

When the testimony was closed, the Court instructed the

jury that if the fence removed by the defendant stood wholly upon a part of the Fifty Vara Lot Number One Thousand Three Hundred and Ninety-eight, to which the defendant derived title under an Alcalde grant and had present right of possession, then that the defendant would not be liable in this action for removing the fence, unless the jury found that the part of the fifty vara lot on which it stood had been dedicated to the public as a street or way by the defendant, or those under whom he claimed by title from the Alcalde grant, or unless the jury found that it had been in fact used as a public street for more than five years immediately before the act complained of was committed, in which case the defendant would be liable in this action. To this instruction the defendant excepted.

A verdict for two hundred and ninety-nine dollars was then rendered for the plaintiff on which judgment was entered. A motion for a new trial was made and afterward denied, and from this order and the judgment is the appeal in this case.

The plaintiff's counsel suggests in argument that the appeal should be dismissed, on the ground that this Court has not jurisdiction of the case under the Constitution.

### Jurisdiction of Supreme Court on appeal.

The Constitution confers on the District Courts original jurisdiction in all cases at law which involve the title or possession of real property, and on the Supreme Court appellate jurisdiction in all such cases. (Art. VI, Secs. 4 and 6.) The ninth section of the same Article of the Constitution authorizes the Legislature to fix by law the powers of Justices of the Peace, provided such powers shall not in any case trench upon the jurisdiction of the several Courts of record ; and the Act concerning the Courts of justice of this State and judicial officers provides that Courts of Justices of the Peace shall not have jurisdiction in a civil action in which the title or possession of real estate shall necessarily come in question. (Laws 1863, p. 340, Sec. 49.) The objection suggested is untenable, because the action, though commenced in a Justice's Court

for damages in a sum less than three hundred dollars, upon the filing of the defendant's answer involved a question of title to the land on which stood the fence that was destroyed. The cause was transferred from the Justice's Court to the District Court upon the filing of the defendant's verified answer, showing that the determination of the action would necessarily involve the decision of a question of title to real property, as provided by the five hundred and eighty-first section of the Practice Act, and upon its becoming so transferred the District Court obtained complete jurisdiction in the premises.

### *Survey of County Surveyor as evidence.*

The ruling of the Court in respect to the plat of the survey made by the Deputy Surveyor we think was correct, because the same was not made out and certified in a form constituting it evidence as provided by the statute. (Laws 1850, p. 171, Secs. 3, 7, 10.) The Court decided that it might be admitted as a plat of a private survey by the witness who was on the stand, and testified in relation to it, and we are of opinion this was proper.

### *Evidence of a private survey.*

We are also of the opinion the Court properly admitted the evidence of the plaintiff's witnesses of their measurements with the view to determine where was the dividing line between the two fifty-vara lots, notwithstanding what was said in *Vines* v. *Whitten,* 4 Cal. 230. That case was decided upon an erroneous construction of the statute of 1850. It has never been followed by this Court in a single instance, but was virtually overruled in *Ellis* v. *Janes,* 10 Cal. 456.

### *Damages for trespass on public highway.*

The instructions to the jury to the effect that they might find for the plaintiff, even though the fence was upon land not

19

described in the complaint, but upon the property of the defendant, provided they should find that the land whereon the fence stood had been dedicated to the public as a street or way, or had been used as such for five years next before the fence was removed, we hold to have been erroneous for two reasons at least: First—The plaintiff could not be entitled to recover for a trespass *quare clausum fregit* alleged to have been committed on his own land, when, in fact, the act was done upon another and distant parcel of land; and second, it being assumed by the instruction that the land from which the fence was removed was the property of the defendant, subject to a right in the public to an easement over it as a highway, it followed that the plaintiff had no right of action for damages for removing therefrom a fence which was not his property, and which he placed there, at the peril of losing thereby all right to it.

Judgment reversed and new trial granted.