Remittitur forthwith.

---

[No. 3,906.]

SIDNEY WIDBUR *v.* CALVIN WASHBURN, ISAAC BENNETT, JOSE MARIA ESTUDILLO, C. N. ARNOLD, D. CHOATE, AND C. A. HARVEY, ET AL.

DESCRIPTIVE CALLS IN A DEED.—If, in a deed, the beginning point of the survey of the tract conveyed is a visible monument which is clearly ascertained, and the descriptive calls are certain and definite, the title passes. A subsequent survey, changing the location of a larger tract, within which, it was said in the deed, the land conveyed was located, or restricting its area, cannot divest the title of the grantee or impair his rights.

APPEAL from the District Court of the Eighteenth Judicial District, San Diego County.

Judgment was rendered for the defendants, and the plaintiff appealed therefrom and from an order denying a new trial. The other facts are stated in the opinion.

*V. E. Howard & Sons,* for Appellant.

*W. T. McNealy,* for Respondents.

By the COURT :

This is an action to quiet title to a tract of land in the county of San Diego, and both parties claim under the Trustees of the city of San Diego, in whom it is admitted the title was. The deed to the plaintiff was first in date and first recorded, and if it included the premises in controversy it is clear that the subsequent deeds to Lowenstein and Mary Kearney conveyed no title to the premises included in the deed to the plaintiff. The point in issue is whether the deed to the plaintiff included the land in controversy, which is described in the complaint and deed, as follows : "Beginning at a stake designated the northwest corner of quarter section No. 1,124; running thence due north twenty chains to a point; thence at right angles due west forty chains to a point; thence at right angles due south twenty chains to a point; thence at right angles due east forty chains, to the place of beginning; containing eighty acres, in the southern part of quarter section No. 1,118—that is to say, according to the official map of said city, made by Charles H. Poole, A.D. 1856, and on file in the office of the Secretary of said Board."

It clearly appeared in evidence that in the year 1868, and about one year prior to the date of the deed to the plaintiff, the then county surveyor of that county ascertained and established the northwest corner of quarter section 1,124, according to the official map of Poole, and placed there a pile of stones and a stake to designate that corner. This stake was fully identified as that which is referred to in the deed to the plaintiff as the beginning point of his survey. But Poole's map represented the northwest corner of quarter section number 1,124, as identical with the southeast

corner of quarter section number 1,118, of which the land conveyed to the plaintiff was supposed to be a portion. At the time of the conveyance to the plaintiff, it had not been ascertained that the tract represented on the Poole map as quarter section marked 1,118 in fact included 320 acres, or two quarter sections, instead of one. On the discovery of this fact, the then county surveyor, in the year 1870, two years after the conveyance to the plaintiff, made a new survey and official map, by which quarter section No. 1,124 was left nearly in its original position, whilst quarter section 1,118 was restricted to the northern half of the tract represented by that number on the Poole map; thus leaving a vacant space, about a half mile wide, south of quarter section 1,118 and north of the north line of 1,124. This vacant space was designated on the last map as lot C, and includes the premises in controversy. On these facts the court below held that the plaintiff acquired no title to the land in contest; but on what theory does not very clearly appear, and we can conceive of none on which the ruling can be supported. It is conceded that the land belonged to the city of San Diego when the plaintiff obtained his deed, and it has not been suggested that the Trustees had not the power to convey, or that the deed was not duly executed. The beginning point of the survey called for in the deed was a visible monument, which is fully identified, and the Poole map which is referred to in the deed as a part of the description represents the land as included in the tract which is there designated as quarter section No. 1,118. All the requirements of the deed are fulfilled. The beginning point of the survey is clearly ascertained, the descriptive calls are certain and definite, and the Poole map represented the land as a portion of the tract designated thereon as quarter section No. 1,118. A subsequent survey, changing the location or restricting the area of No. 1,118, cannot divest the plaintiff's title, or in any manner impair his rights. As the facts are here presented, the plaintiff was entitled to recover.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.