## KYLE v. HAMILTON.

Sac. No. 941; March 18, 1902.

68 Pac. 484.

**Mortgage—Deed as.—Where a Deed is Executed Contemporaneously** with a contract by the grantee to return the deed on the judgment of a debt by the grantor, the delivery of the deed is strong evidence that the contract was also delivered.

**Mortgage—Deed as.—A Deed, and Contract** by the grantee to return the deed on the payment of a debt, were executed at the same time, and evidence that both instruments were delivered to H. for the parties entitled thereto was uncontradicted, and the agreement was shown to have been recognized by grantee prior to the suit. The contract was delivered by H. to the grantee, but the former testified that it was by mistake. Held, sufficient to show the delivery of the contract.

**Mortgage—Deed as.—Where a Deed, and Contract** requiring the grantee to return the deed on the payment of a debt, are made at the same time, and the contract imposes no obligation on the grantor, and the delivery is not conditioned on his signing it, it is not invalid because his signature is not attached thereto.

**Mortgage Foreclosure.—An Allegation, in an Answer to a mort**gage foreclosure suit, that the mortgage was annulled by a subsequent mortgage between the parties, is to be construed as an allegation that there was a novation of the new mortgage for the old.

**Mortgage—Novation.—Under Civil Code, Section 1530 et seq.,** in reference to novation, and defining it as the substitution of a new debt for an old, the execution and interchange of a deed and a contract to return the deed on the payment of a debt, intended to take the place of a mortgage securing the debt, is a novation of the mortgage.

Mortgage—Consideration.—Under Civil Code, Section 1605, providing that any prejudice suffered by a promisee shall constitute a good consideration, the execution of a deed is sufficient consideration to support an agreement by the grantee to return the deed on the payment of a debt.

Mortgage—Deed as Substitute for—Mistake.—Where a Deed. is Executed by the parties, as a substitute for an existing mortgage, under a mutual mistaken idea that no foreclosure will be necessary, and may be rescinded by reason of such mistake, under Civil Code, sections 1566, 1578, providing that a consent which is not free may be rescinded, and that mutual mistake of law constitutes mistake, within the meaning of the article, but it is not so rescinded, an agreement that the deed shall be returned on the payment of a debt is binding.

Mortgage — Foreclosure — Attorney's Fee.— Where a Mortgage Foreclosure suit is based on a mortgage which has been superseded by a deed given as security for the debt by reason of a mutual mistaken idea that it will obviate a foreclosure, and the mortgage contains an attorney fee clause which is not in the deed, a judgment foreclosing the mortgage and allowing an attorney fee cannot be sustained, as a decree allowing an attorney fee is not authorized by the deed.

APPEAL from Superior Court, San Joaquin County; Joseph H. Budd, Judge.

Mortgage foreclosure suit by Cassie M. Kyle against Moses Hamilton. From a decree in favor of plaintiff the defendant appeals. Reversed.

A. H. Carpenter for appellant; Louttit & Middlecoff for respondent.

PER CURIAM.—This is a suit for the foreclosure of a mortgage, of date October 4, 1894, given by the defendant to the plaintiff to secure the note of the former for the sum of $825, with interest, due October 21, 1896. The complaint is in the usual form. The defense pleaded is, in effect, the alleged substitution for the old of a new mortgage, of date February 5, 1898, in the form of a deed purporting to convey to the plaintiff the mortgaged premises, and an accompanying agreement for the payment of the debt in three installments—two of $100 each, on the first days of November, 1898 and 1899, and the balance October 1, 1900. On this issue the finding of the court was adverse to the defendant;

and judgment was accordingly entered for the foreclosure
of the original mortgage. This finding, it is claimed, is not
justified by the evidence; and this contention, we think, must
be sustained.

It is an undisputed fact in the case that on the fifth day
of February, 1898, the defendant, at the instance of the
plaintiff, executed to her the alleged deed, and that, at the
same time, she signed a document as to terms of payment,
as alleged, and for return of the deed on payment. This
took place in the office of Henderson, the plaintiff's agent,
by whom the documents were drawn; and it is not disputed
that the deed was delivered to the plaintiff, and has ever
since been retained by her; but it is claimed the agreement
was not delivered. But the evidence clearly shows the con-
trary; for not only is the delivery of the deed under the
circumstances strong, if not conclusive, evidence that the
agreement (which is part of the same contract) was also
delivered, but it appears from the testimony of witnesses,
without contradiction, that the agreement and the deed were
together delivered to Henderson for the parties respectively
entitled; that is to say, the deed for the plaintiff, and the
agreement for the defendant. It appears also from the un-
contradicted testimony of the defendant that about eight
months after the transaction, the agreement was recognized
and insisted on by the plaintiff: Pico v. Coleman, 47 Cal. 67.
That the agreement was produced on the trial from the pos-
session of the plaintiff is a fact of no importance. Her
possession is accounted for by the statement of her agent,
Henderson, made to defendant and his attorneys, that he
had delivered it to her by mistake. Nor is the fact material
that the agreement was not signed by the defendant. Ordi-
narily, the failure of one of the parties to sign an agreement
containing obligations of both would be ground of inference
that the writing was not intended as a contract of the party
signing. But here the performance of the obligations of
the defendant was fully secured by the deed executed by
him to the plaintiff, and by the fact that the defeasance exe-
cuted by the plaintiff bound her only on the terms stated;
thus making the general contract complete. Nor is there
any reason to suppose that the delivery was made by the
plaintiff subject to the condition of its being signed by the
defendant. The contrary is clearly apparent from the acts

of the parties, who evidently regarded the transaction as completed, and, in fact, the delivery of the agreement as the contract of the plaintiff, though unsigned by the defendant, was in precise accordance with the agreement as stated by the latter in his testimony, which is not contradicted: Cayton v. Walker, 10 Cal. 456; Tewksbury v. O'Connell, 21 Cal. 69; Cutter v. Whittemore, 10 Mass. 442; Emery v. Neighbour, 7 N. J. L. 145, 11 Am. Dec. 541. This was apparently the view of the court in excluding evidence of what was said by the parties at the time of the transaction, except upon the mere question of delivery. For otherwise the ruling would be error.

The evidence, therefore, fully sustains all the allegations of the answer, unless it be the allegation that the original mortgage "was annulled," which is to be understood as alleging that there was a novation of the new mortgage for the old; and we are of the opinion—assuming the sufficiency of the consideration—that this allegation was also proven. For it was undoubtedly the intention of the parties that the new obligation, to pay the debt at the times agreed upon, took the place of the principal obligation created by the original note, and that it was to be secured by the deed given. It would seem to follow, therefore, that there was a novation, not only of the new for the old principal obligation, but also of the deed, which, it was supposed, would obviate the necessity of foreclosure for the security, or accessory, obligation, by which the note was originally secured. There was, therefore, a complete novation of the new or modified contract for the old (Civ. Code, sec. 1530 et seq.; 2 Whart. Cont., secs. 852–854, 857; 16 Am. & Eng. Ency. of Law, pp. 865–870, and note); and the original note and mortgage remained only "to mark the extent of the new obligation, and [without any] legal existence beyond that": Pimental v. Marques, 109 Cal. 413, 42 Pac. 159.

As to the consideration, this, it is true, was of little or no value to the plaintiff. But consideration may consist exclusively of detriment to the promisor, as well as of benefit to the promisee; and hence, in this case, the defendant's deed must be regarded as sufficient consideration for the agreement of the plaintiff: Civ. Code, sec. 1605; 1 Whart. Cont., secs. 505, 516, 517, 534, and notes; 1 Pars. Cont. 437, and

note; Brooks v. Haigh, 10 Adol. & E. 323. In this respect the case differs from that of Peachy v. Witter, 131 Cal. 316, 319, 320, 63 Pac. 468. There was indeed a mistake of law, common to the parties, as to the effect of the defendant's deed in obviating the necessity of a foreclosure, and the plaintiff might therefore have rescinded: Civ. Code, secs. 1566, 1578. But in the absence of rescission, the contract must be regarded as still subsisting, and as determining the rights of the parties.

It is, however, urged by the respondent that the first payment under the new mortgage was due before suit was brought, and the balance before the case was tried; and hence, it is claimed, there was no error in entering judgment for the whole amount due (Bostwick v. McEvoy, 62 Cal. 496; Hawkins v. Hill, 15 Cal. 500, 76 Am. Dec. 499), and of the correctness of the principle laid down in the cases cited, assuming the pleadings and findings to be sufficient to authorize judgment, there can be no doubt: Orange Growers' Bank v. Duncan, 133 Cal. 256, 65 Pac. 469. But here the suit was brought on the old mortgage, and nothing is said in the complaint about the new, and, though the complaint is aided by the allegations of the answer (Herd v. Tuohy, 133 Cal. 60, 61, 65 Pac. 139), yet these allegations are found by the court to be untrue, and there are therefore no facts found to sustain the judgment. The evidence, indeed, discloses the facts, and there is no controversy with regard to them, and hence, were the objections to the judgment only on the score of the pleadings, it might, possibly, be held that the error was not prejudicial to the defendant, but, in fact, there is another objection to be considered. It is clear, from the nature of the transaction, that the provision of the original mortgage as to attorneys' fees was not carried into the new mortgage, the professed object and supposed effect of which was to render a foreclosure unnecessary. It therefore could not have been the intention of the parties to provide for an attorney's fee for the foreclosure of the new mortgage.

The judgment is reversed and the cause remanded for further proceedings in accordance with the principles laid down in this opinion.

McFARLAND, J.—I dissent, and think that the judgment should be affirmed. In my opinion there was sufficient evidence to justify the finding of the court below that there had not been a substitution of a new mortgage for the one sued on.