[Civ. No. 5408.   Third Appellate District.—July 22, 1935.]

BARRY BROWN, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

Frank Thompson for Petitioner.

Blaine McGowan for Respondents.

PULLEN, P. J.—This is a proceeding to prohibit respondents from prosecuting an action for replevin until an under-

taking as required by section 1030 of the Code of Civil Procedure has been filed.

From the petition for the writ of prohibition it appears that an action was commenced in the Superior Court of the State of California, in and for the County of Humboldt, entitled *"McMillan Process Co., a Corporation, Plaintiff,* v. *C. H. Brown, John Doe and John Doe Co., Defendants"*. In the complaint plaintiff sought to recover from defendants two wood defiberizing machines, of which defendants had obtained possession by virtue of a conditional sales agreement, and alleged that defendants having failed to make the payments provided in the agreement, demanded the return of the machines or their value. Petitioner, sued as John Doe, was served with complaint and appeared in the action and demanded that an undertaking as provided in section 1030 of the Code of Civil Procedure be posted by plaintiff, a Nevada corporation, as security for all costs and charges which might be awarded against plaintiff. ■ It appeared, however, that plaintiff, some time after the filing of its complaint, but prior to the demand for the security for costs, had caused to be levied a writ of replevin and had filed an undertaking in the sum of $3,000 conditioned "for the return of said property to the defendants if return thereof be adjudged and for the payment to defendants of such sum as may from any cause be recovered against plaintiff". No question is raised as to the sufficiency of said undertaking as a replevin bond, the only question presented being whether an undertaking given pursuant to section 512 of the Code of Civil Procedure fulfilled the requirements of the undertaking as provided for in section 1030 of the Code of Civil Procedure. Section 512 of the Code of Civil Procedure, dealing with claim and delivery of personal property, reads in part as follows:

"Upon a receipt of the affidavit and notice, with a written undertaking, executed by two or more sufficient sureties, approved by the sheriff, . . . to the effect that they are bound to the defendant in double the value of the property as stated in the affidavit for the prosecution of the action, for the return of the property to the defendants, if return thereof be adjudged, and for the payment to him of such sum as may from any cause be recovered against the plaintiff, such officer must forthwith take the property described in the affidavit,

if it be in the possession of the defendant or his agent, and retain it in his custody. . . . ''

Section 1030 of the Code of Civil Procedure provides:

''When the plaintiff in an action or special proceeding resides out of the State, or is a foreign corporation, security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. When required, all proceedings in the action or special proceeding must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, or with the justice if there be no clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or special proceeding, not exceeding the sum of three hundred dollars. . . . ''

From a comparison of the two sections it is apparent defendant is as fully protected under the undertaking given under section 512 of the Code of Civil Procedure as he would be under an undertaking given pursuant to section 1030 of the Code of Civil Procedure.

In a somewhat similar situation in *Comstock* v. *Clemens*, 19 Cal. 77, 78, the defendant demanded security for costs but the court held an undertaking on appeal was a sufficient bond to protect a defendant in an action brought by a nonresident.

Petitioner points out that he has been sued under a fictitious name but it appears he has been duly served with a copy of the summons and complaint and therefore is as fully protected by the terms of the undertaking as if personally named in the action. It does not appear either in the petition or answer thereto whether petitioner has been served with a copy of the undertaking as required by section 512 of the Code of Civil Procedure, but if not, petitioner has his remedy therefor. It appearing, therefore, that now and prior to the filing of the demand for security for costs there was on file a sufficient undertaking to protect petitioner for the repayment to him of such sums as he may from any cause recover against plaintiff, he is fully protected as contemplated by section 1030 of the Code of Civil Procedure.

The writ of prohibition is therefore discharged.

Plummer, J., concurred.