[Civ. No. 14203.   Second Dist., Div. Two.   Apr. 19, 1944.]

CHARLES W. LONG, Respondent, v. GEORGE K. THOMPSON, Appellant.

John M. Martin, Frank L. Martin, Jr., and John M. Farley for Appellant.

Wilbert C. Hamilton, Edwin H. Casey and Zuckerman & Stein for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for breach of a written agreement to pay the amount of a judgment, defendant appeals.

The essential facts are these:

On February 21, 1933, plaintiff, a resident of the State of Oregon, recovered a joint judgment in the State of Washington against defendant and Charles A. Thompson, residents of California, for the sum of $10,000 plus costs.

On April 16, 1936, plaintiff filed an action in California against defendant and Charles A. Thompson, predicated on the Washington judgment. On May 11, 1936, Charles A. Thompson having been duly served in the California action and having failed to appear, a default judgment was entered against him in the total sum of $12,730.27 and costs. On April 28, 1936, summons in the California action was served on defendant herein. On May 8, 1936, defendant herein filed a demurrer to the complaint and a demand in writing for security for costs pursuant to the provisions of section 1030 of the Code of Civil Procedure. Thereupon plaintiff's attorney filed a purported undertaking. This undertaking was not in the form required by law and no notice of the filing of the undertaking was given to defendant herein. Subsequently, the trial court overruled defendant's demurrer to the complaint and June 10, 1936, a default judgment was entered against defendant herein in the sum of $12,730.27.

Thereafter plaintiff caused an execution to be issued on the California judgment. This execution was returned unsatisfied on June 24, 1936. Subsequently, both Charles A. Thompson and defendant herein were examined by plaintiff's attorney upon supplementary proceedings.

Defendant herein, at the time the California judgment was rendered against him and thereafter, was endeavoring to establish himself in the construction business in California and told plaintiff's attorney, Mr. Wilbert C. Hamilton, he could not get anyone to back him financially if executions were to be levied against him on the California judgment. As the result of negotiations between defendant herein and Mr. Ham-

ilton an agreement[1] was executed which is the basis of this suit. By this contract defendant herein agreed to pay the amount of the judgment which had been entered against him in consideration of plaintiff's not levying an execution for the period of one year.

Defendant herein reported from time to time to Mr. Hamilton that his contracts had not proved profitable. In March, 1940, plaintiff again caused an execution to be issued on the California judgment against defendant herein, and also obtained an order for defendant to appear in court and show cause why his interest as a partner in the Thompson-Markham Company should not be charged with the payment of the California judgment. Defendant resisted the charging order on the ground that the California judgment was not enforceable. On April 8, 1940, the trial court denied plaintiff's application for a charging order for the reason that there was no valid judgment against defendant herein because plaintiff had failed to file a proper undertaking and to give notice as required by section 1030 of the Code of Civil Procedure. This was the first time that either plaintiff or defendant knew that the California judgment was not enforceable.

On May 6, 1940, the United States Court of Claims awarded

---

[1]This agreement read as follows:
"Mr. Geo. K. Thompson
5301 Earl Dr.
Los Angeles Cal.
                              "In Re:   Long vs. Thompson
"Dear Sir:
  "In accordance with our conversation of a few days ago, I have obtained authority to make the following agreement with you:
  "No execution will be levied in the above entitled matter upon any contracts which you may enter into for construction, and so forth, for a period of one year, in consideration that you shall keep me informed of the contracts you enter into, a brief resume of the contract, and you agree to pay to me to apply on said Judgment ten per cent (10%) of the profits received by you on any and all contracts you enter into. In addition thereto, you agree to pay to me the Judgment in full as soon as the matter now pending, namely, your claim in the United States Court of Claims, is settled and the monies received by you.
  "Your acceptance on the duplicate copy inclosed herewith will be considered an agreement between us upon its return to me.
                              "Yours very truly,
WCH.MR.
                              (Signed) Wilbert C. Hamilton
  "I accept and agree to the terms and conditions herein contained.
  "Dated this 8th day of Oct. 1936.
                              (Signed) Geo. K. Thompson."

judgment in favor of defendant herein and Charles A. Thompson on the claim mentioned in the agreement of October 8, 1936. This judgment was paid on November 19, 1940. The present action was instituted July 20, 1942.

Defendant relies for reversal of the judgment upon four propositions which will be stated and answered hereunder seriatim.

First: *There was not any consideration for the agreement which is the basis of this action because the California judgment against defendant herein was void and therefore unenforceable.*

This proposition is untenable. Any benefit agreed to be conferred upon a promisor to which he was not lawfully entitled at the time constitutes consideration. (Civ. Code, § 1605.)

The law is established in California that if a judgment is entered after a nonresident plaintiff has failed to comply with the requirements of section 1030 of the Code of Civil Procedure, such judgment is merely erroneous (voidable). It is not void. (*Carter* v. *Superior Court,* 176 Cal. 752, 757 [169 P. 667]; *Estate of Baker,* 176 Cal. 430, 434 [168 P. 881]; *Comstock* v. *Clemens,* 19 Cal. 77, 80.)[2]

Since the California judgment against defendant herein was not void an execution could have been levied thereon, and if defendant herein had failed to urge that the entry of the judgment was erroneous he would have waived plaintiff's failure to comply with the requirements of section 1030 of the Code of Civil Procedure.

Therefore, when plaintiff agreed not to levy an execution for one year, defendant received a benefit to which he was not lawfully entitled and this constituted consideration for the agreement.

Second: *At the time the California judgment was entered against defendant herein plaintiff's cause of action had been merged in the judgment of May 11, 1936, against his joint obligor, Charles A. Thompson.*

---

[2]It is to be noted that (1) section 1036 referred to in the cited cases was amended and renumbered section 1030 by the Statutes of 1933, page 1900, and (2) *Gadette* v. *Recorder's Court,* 53 Cal.App. 72 [199 P. 817], is erroneous where in it is stated "that said defendant was at the commencement of said action a resident of another state." The record in the case discloses that the *plaintiff,* not the *defendant* was, at the commencement of the action, a nonresident of California.

It is unnecessary for us to decide this proposition for the reason that it is immaterial to the decision of the present action. The instant action is founded upon the contract signed by defendant on October 8, 1936. This agreement had the essentials of a binding contract, to wit: (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) a sufficient consideration. (Civ. Code, § 1550.)

It was the California action, reduced to judgment June 10, 1936, that was predicated upon the Washington judgment, not the present suit.

Had the above essentials of a contract been present defendant would have been bound by his agreement even if he had entered into a contract to pay the amount of a void judgment.

■ Third: *The agreement of October 8, 1936, was entered into through a mutual mistake of fact and law.*

This proposition may not be urged by defendant for the reason that in the absence of a rescission of a contract, because of a mistake of law or fact common to the parties, the contract is regarded as still subsisting, and as determining the rights of the parties. (*Kyle v. Hamilton,* 6 Cal.Unrep. 893, 897 [68 P. 484].)

■ Fourth: *The agreement of October 8, 1936, was executed by defendant through duress.*

This proposition is untenable. The record fails to disclose that defendant was motivated at the time he signed the agreement by any threat other than of the attorney for plaintiff that he would levy execution on the California judgment. This statement of plaintiff's attorney was proper and within his legal rights as there was, as pointed out above, a voidable judgment existing against defendant at the time which would have supported a writ of execution. (*Cf. Comstock v. Clemens, supra,* 80.)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied May 12, 1944, and appellant's petition for a hearing by the Supreme Court was denied June 15, 1944. Carter, J., and Schauer, J., voted for a hearing.