**CARIBBEAN HEALTHWAYS, INC. and Hubert King,
Appellants/Plaintiffs**

**v.**

**GERRO JAMES, JANET JAMES, and GEJAN, INC.,
Appellees/Defendants**

S. Ct. Civ. No. 2009-0050

Supreme Court of the Virgin Islands

September 2, 2011

APPEARANCES:[1]

KARIN A. BENTZ, ESQ., BARBARA ARCHIBALD, ESQ., CHRISTOPHER KROBLIN, ESQ., Law Offices of Karin A. Bentz, St. Thomas, USVI, *Attorneys for Appellants.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 2, 2011)

CABRET, J. In the underlying action, the dispute concerned the parties' use of a jointly owned right of way that provided access to each party's respective business. Appellants Caribbean Healthways, Inc. and Hubert King (collectively "Healthways") sued the Appellees, Gerro James, Janet James, and Gejan, Inc. (collectively "the Jameses"), seeking a declaratory

---

[1] Although represented at trial by an attorney, no attorney entered an appearance on behalf of the appellees before this Court and no brief was filed by the appellees.

judgment, injunctive relief, and damages based on the Jameses' use and interference with the right of way. Healthways sought, in the claim for injunctive relief, to have the court recognize an express easement granting a right to park forty foot trailers on Healthways' property in such a way that the trailer protruded into the shared right of way. The Jameses filed a counterclaim, seeking an injunction to prevent the parking of trailers in the shared right of way. The trial court ultimately granted the Jameses a judgment on their counterclaim and entered a permanent injunction against Healthways. Healthways appealed the entry of the permanent injunction asserting that the Superior Court erred by failing to recognize their implied easement, by entering a permanent injunction prior to resolving all pending claims, and by entering an overly broad injunction. For the following reasons, we reverse the Superior Court's order granting the injunction and remand, but only to address the breadth of the wording of the injunction. We reject the remainder of Healthways' challenges to the Superior Court's injunction.

## I. FACTS AND PROCEDURAL BACKGROUND

The dispute forming the basis of the underlying case arose from the use of a right of way on commercial property in St. Thomas. In November of 2000, 14 Estate Contant was divided into four parcels: 14A, 14B, 14C, and 14D. Parcel 14A was purchased by Gejan, Inc., a company owned by Gerro and Janet James, while parcel 14B was purchased by Hubert King and 14C was purchased by Alexius Perkins. Parcel 14D was granted to Gejan, Inc., King, and Perkins as tenants in common for use as a private right of way. Prior to the division, 14 Estate Contant was roughly rectangular in shape, with a public road forming the south side. Now, as the map below illustrates, 14A makes up the east side, 14B the north, and 14C the west. 14D runs south-to-north through the middle of the parcels, from the public road on the southern end to 14B on the northern end, and provides shared road access for the three parcels.[2]

---

[2] The map is oriented so that north is towards the top of the page.

Hubert King is the majority shareholder of Caribbean Healthways, a health food wholesale business he operates from his warehouse at 14B Estate Contant. Starting in 1993, Caribbean Healthways took delivery of its merchandise at the warehouse by parking trailers loaded with shipping containers at the warehouse loading dock. These trailers, which generally measured forty feet in length, but occasionally varied from twenty to more than fifty feet, extended out from the loading dock into the right of way, parcel 14D. The trailers blocked the right of way for anywhere between a few hours to several days. While a trailer was parked in the right of way, it impeded access to portions of 14A.

The use of the right of way eventually became a point of contention between King, the owner of parcel 14B, and the Jameses and their tenants, all of whom did business from the building situated on parcel 14A. According to Natalie Knight, who ran a small engine repair business with her husband as one of Jameses' tenants on parcel 14A, the trailers completely blocked access to their business which was located in the northern-most section of the building on parcel 14A and was the closest part of the building to Healthways' property. The relationship between the Jameses and King soured over the use of the right of way. According to King, the Jameses blocked his deliveries by parking their vehicles in front of the trailers, or by standing in the way as delivery drivers attempted to maneuver the trailers. The situation deteriorated to the point that the police and Department of Planning and Natural Resources officers repeatedly responded to complaints regarding use of the right of way. The trailers, and resulting acrimony, caused at least two of Gejan, Inc.'s tenants, including the Knights, to remove their businesses from the Jameses' building prior to the end of their leases.

On December 19, 2005, Healthways filed a four count complaint in the Superior Court seeking an injunction preventing the Jameses from interfering with Healthways' use of the right of way, a declaratory judgment that the Jameses unlawfully interfered with the right of way, and damages for wrongful interference with use of an easement and intentional interference with performance of a contract. The Jameses responded with a counterclaim that sought injunctive relief against Healthways in the form of a decree preventing the larger trailers from blocking the right of way.

Both sides filed motions for temporary restraining orders. Following a hearing in January of 2006, during which the trial court inspected the site, the court entered temporary restraining orders against all parties. The court restrained the Jameses and their tenants from parking vehicles on or otherwise blocking the right of way. The court also restrained Healthways from using trailers larger than twenty feet in length and from using the loading ramp in a manner that blocks other vehicles from accessing the property. Both parties subsequently filed motions for permanent injunctions: the Jameses sought an extension of the existing restraining orders while Healthways sought an extension of the restriction on the Jameses and the recognition of an implied easement which gave Healthways the right to park trailers at the loading ramp even if the

trailers remained partially in parcel 14D while parked. In the same motion, Healthways also sought summary judgment on the issue of the implied easement.

In April of 2009, the Superior Court conducted a hearing on the parties' motions for a permanent injunction. At this hearing, Janet James testified that on thirty-nine separate occasions following the entry of the temporary restraining orders, Healthways parked forty foot trailers in the right of way. Healthways countered that the temporary restraining order allowed the use of forty foot trailers, provided that they were angled in such a way as not to interfere with access to Gejan, Inc's property. During this hearing, the Superior Court denied Healthways' motion for summary judgment.

At the hearing, the Superior Court granted the Jameses' request for a permanent injunction. In its ruling, the court found that two of Gejan, Inc.'s tenants moved out because of the problems with Healthways' trailers. Furthermore, the court found that Healthways did not have a right to park trailers within the right of way. Finally, the court clarified that the injunction prohibited Healthways from using trailers larger than twenty feet in length.

Healthways appeals the entry of this permanent injunction. Healthways argues that, first, the trial court erred by failing to recognize their implied easement over the right of way, second, the Superior Court erred by entering the permanent injunction without ruling on the remainder of the complaint, and, finally, the injunction was overly broad because it prevents the use of forty foot trailers on other parts of the property not at issue in the lawsuit.

## II. JURISDICTION AND STANDARD OF REVIEW

The Superior Court entered the permanent injunction on May 13, 2009, and a notice of appeal was filed on May 26, 2009, a date within the thirty day period prescribed by Rule 5(a)(1) of the Virgin Islands Supreme Court Rules. Therefore, under Rule 5 of the Virgin Islands Supreme Court Rules, this appeal was timely filed. Healthways argues that we have jurisdiction over this appeal on two mutually exclusive grounds: either as a final judgment or a statutorily permitted interlocutory appeal.

■ ■ We are unpersuaded by Healthways' assertion that we may exercise jurisdiction over this appeal as a final judgment. A final judgment

is " 'one that ends the litigation on the merits and leaves nothing to do but execute the judgment.' " *Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (quoting *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). Healthways filed a four count complaint, including two claims for damages against the Jameses based on their interference with Healthways' use of the right of way. The permanent injunction only addressed Healthways' right to park trailers longer than twenty feet on the right of way, and thus the Superior Court did not address the claims that the Jameses interfered with Healthways' right to access the right of way.[3] Therefore, although the Superior Court's entry of the permanent injunction resolves all claims presented by the counterclaim and in both parties' motions for permanent injunctions, it is not a final judgment because it did not end the litigation as to all of the claims.

■■ However, even when there is no final judgment this Court nevertheless has jurisdiction over "[i]nterlocutory orders of the Superior Court of the Virgin Islands . . . granting, continuing, modifying, refusing or dissolving injunctions." 4 V.I.C. § 33(b)(1). This Court, then, has jurisdiction to review the May 13, 2009 injunction as an interlocutory order, while the remaining claims in the underlying action remain unresolved. *Id. See also* 10 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE — CIVIL § 2658.1 (3d ed. 1998) ("[I]f a claim for an injunction . . . is presented and fully adjudicated in a multiple-claim or multiple-party context and other claims remain pending, that order is

---

[3] In *Davis v. Allied Mortgage Capital Corp.*, 53 V.I. 490 (2010), we held that a trial court's order that explicitly disposes of some, but not all, claims may be considered a final order when it implicitly rules on the remaining claims, renders the remaining claims moot, or the remaining claims were never properly before the trial court because of a procedural or jurisdictional defect. *Id.* at 498-99. In this case, the grant of a permanent injunction implicitly denies Healthways' claims for a declaratory judgment and an injunction based on Healthways' asserted right to park trailers longer than twenty feet of way because the Superior Court explicitly found that Healthways has no right to park trailers longer than twenty feet on the right of way. However, Healthways' claims for damages are based on a different factual background — the Jameses' alleged physical blocking of Healthways' use of the right of way. The grant of a permanent injunction determining the property issue does not address these personal claims for damages. Critically, while the Superior Court determined that Healthways may not use trailers longer than twenty feet, it did not determine whether the Jameses had the right to physically block Healthways' access to the right of way. *See id.* at 500-01 (noting that disposal of plaintiff's claims with a different factual background did not implicitly deny or render moot defendant's counter-claims).

interlocutory. . . . The order may qualify for immediate review under the interlocutory appeals statute.").

Generally, the Supreme Court reviews the Superior Court's findings of fact for clear error, while the review of the Superior Court's conclusions of law is plenary. *See Mercer v. Bryan*, 53 V.I. 595, 598 (V.I. 2010). The decision to grant or deny a permanent injunction is reviewed for abuse of discretion. *In re Najacwicz*, 52 V.I. 311, 328 (V.I. 2009); *see Stevens v. People*, S. Ct. Crim. No. 2010-0001, 2011 V.I. Supreme LEXIS 16, *10 (V.I. June 22, 2011) ("An abuse of discretion 'arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.' " (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003))).

## III. DISCUSSION

### A. The Superior Court did not err by failing to recognize Healthways' implied easement by prior use.

In its first argument, Healthways argues alternatively that

> [t]he permanent injunction issued against Appellants curtails their implied loading dock easement rights and, therefore, it was pure error for the trial court to enter the permanent injunction without adjudicating Appellants' complaint for relief which seeks, in part, a judicial determination of the loading dock easement. Moreover, if the court's permanent injunction is an implicit denial of Appellants' complaint, then the trial court erred in failing to recognize Appellants' implied easement, which was established through uncontroverted testimony at trial.

(Appellant Br. 11.) Because both of Healthways' alternative arguments are based on the assumption that the question of the implied easement was correctly before the Superior Court in the first place, we consider them together. At the hearing, the Superior Court summarily addressed and denied Healthways' combined motion for summary judgment and a permanent injunction based on the implied easement.

■ The complaint only alleged the existence of an "*express easement* reserved by Warranty Deed in Parcel No. 14D." (App. 4 (emphasis added).) According to the record, Healthways first raised the issue of an implied easement in their combined motion for a permanent injunction

698

and summary judgment. A claim cannot be raised for the first time on a summary judgment motion — it must be contained in the complaint. *See Mountaintop Ltd. P'ship v. Colombian Emeralds Int'l, Inc.*, 43 V.I. 193, 211 (V.I. Super. Ct. 2001) (refusing to consider new claim raised at summary judgment). *See also Fairbaugh v. Life Ins. Co. of N. Am.*, 737 F. Supp. 2d 68, 87 (D. Conn. 2010) (holding that "given that it was not contained in the complaint, Plaintiff may not raise the claim . . . for the first time upon motion for summary judgment, and therefore the claim is denied."); *Malpere v. Ruyter Bay Land Partners, LLC*, No. Civ. 2003-132, 2004 U.S. Dist. LEXIS 27621, *5 n.2 (D.V.I. Dec. 22, 2004) (unpublished) ("A summary judgment motion is not an amended complaint and therefore an improper medium by which to raise new claims."); *Beckman v. U.S. Postal Service*, 79 F. Supp. 2d 394, 408 (S.D.N.Y. 2000) ("[T]his Court will not consider claims not pleaded in the Complaint."). The Superior Court's docket reveals that Healthways never moved to amend the complaint to include a claim for an implied easement over the right of way, and could not have amended the complaint at that point of the litigation without the permission of the court. *See* SUPER. CT. R. 8; *Harvey v. Christopher*, S. Ct. Civ. No. 2007-0115, 2011 V.I. Supreme LEXIS 18, *22 (V.I. July 19, 2011) (holding that amendment under Superior Court Rule 8 is not as of right, but is instead "vested in the sound discretion of the Superior Court."). Therefore the implied easement claim was never correctly before the Superior Court to decide.[4] Thus, the Superior Court did not err by summarily rejecting Healthways' claim that they had a right to an implied easement across the right of way.

## B. The permanent injunction, as currently written, is overbroad.

The injunction entered on May 13, 2009 states "that Caribbean Healthways, Inc. and Hubert King are **PERMANENTLY**

---

[4] Because this is an interlocutory appeal, on remand Healthways can move at any time to amend the pleadings to include a claim for an implied easement over parcel 14D. The fact that the Superior Court granted a permanent injunction does not foreclose its consideration of the implied easement claim, as Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." However, any motion to amend filed on remand would not be granted as of right, but would be instead vested in the sound discretion of the trial court and its decision would be subject only to a review for an abuse of that discretion. *See Harvey*, 2011 V.I. Supreme LEXIS 18, at *22.

**PROHIBITED and RESTRAINED** from driving in and/or using any trailer larger than 20 feet at the premises located at Parcel No. 14 Contant, St. Thomas." (App. 247.) Healthways argues that the injunction is overly broad in that it restricts King's right to use or park trailers longer than twenty feet anywhere on his parcel, including at a second warehouse on parcel 14B which is serviced by a separate loading dock and ramp and does not block parcel 14D. Healthways asserts that the rest of parcel 14B, including the second warehouse, was never at issue before the Superior Court and that the injunction should have been worded so that it only restricted the use of parcel 14B that interferes with the right of way. We agree.

■ When a court enters an injunction, the order must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained." FED. R. CIV. P. 65(d)(1)(B) & (C). Furthermore, the injunction "cannot be broader than necessary to restrain the unlawful conduct." *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 545 (3d Cir. 1986). A court issuing an injunction must ensure that it is narrowly tailored "to fit the particular circumstances of the case." *Brow v. Farrelly*, 994 F.2d 1027, 1038, 28 V.I. 345 (3d Cir. 1993).

■ In the present case, the Superior Court did not fit the language of its injunction to the particular circumstances of this case. At the hearing, the Superior Court determined that the use of trailers greater than twenty feet in length at the warehouse and loading dock that is adjacent to the right of way blocked access to parts of the right of way and to parts of the property owned by the Jameses. The injunction certainly prevents the blocking of the right of way with trailers longer than twenty feet from occurring again. However, the injunction is overly broad in that it also prevents the use and parking of trailers longer than twenty feet anywhere on parcel 14B, and that includes the second warehouse which has a loading ramp that does not cause interference with the right of way. Therefore, we remand this case for the limited purpose of directing the Superior Court to narrowly tailor the provisions of the injunction so as to prevent the parking of trailers greater than twenty feet in length only at locations where they would block parcel 14D, the right of way.

## IV. CONCLUSION

We conclude that the Superior Court did not abuse its discretion by entering the injunction against Healthways. The claim that the Superior

Court should have recognized an implied easement over the right of way before entering the injunction is unpersuasive, as the claim for an implied easement was not included in the complaint and not raised until Healthways' combined motion for summary judgment and a permanent injunction. However, because the injunction is too broad, we reverse the May 13, 2009 Order granting the injunction and remand for the Superior Court to reconsider the scope of the injunction consistent with this Opinion.