# CARIBBEAN HEALTHWAYS, INC., and HUBERT KING,
## Appellants/Plaintiffs
## v.
# GERRO JAMES, JANET JAMES, and GEJAN, INC.,
## Appellees/Defendants

S. Ct. Civil No. 2012-0018

Supreme Court of the Virgin Islands

September 25, 2013

[1] KARIN A. BENTZ, ESQ., JULITA KISHMA DE LEÓN, ESQ., Law Offices of Karin A. Bentz, P.C., St. Thomas, USVI, *Attorneys for Appellants*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 25, 2013)

CABRET, *Associate Justice*. Caribbean Healthways, Inc., and Hubert King (collectively "Healthways") appeal the Superior Court's February 2, 2012 Order permanently enjoining them "from utilizing, inclusive of loading and unloading, any trailer with a width and/or length in excess of 20 feet on any portion of parcel no. 14D Estate Contant," (J.A. 849), on the grounds that it is overly broad. For the reasons stated below, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal represents the second time Healthways has challenged a permanent injunction entered in this matter. As we explained in our prior opinion:

> The dispute forming the basis of the underlying case arose from the use of a right of way on commercial property in St. Thomas. In November of 2000, 14 Estate Contant was divided into four parcels: 14A, 14B, 14C, and 14D. Parcel 14A was purchased by Gejan, Inc., a company owned by Gerro and Janet James, while parcel 14B was purchased by Hubert King and 14C was purchased by Alexius Perkins. Parcel 14D was granted to Gejan, Inc., King, and Perkins as tenants in common for use as a private right of way. Prior to the division, 14 Estate Contant was roughly rectangular in shape, with a public road forming the south side. Now . . . 14A makes up the east side, 14B the north, and 14C the west. 14D runs south-to-north through the middle of the parcels, from the public road on the southern end to 14B on the northern end, and provides shared road access for the three parcels.

---

[1] Although they appeared in the Superior Court proceedings, Appellees have not filed an appellate brief or otherwise participated in this appeal.

Hubert King is the majority shareholder of Caribbean Healthways, a health food wholesale business he operates from his warehouse at 14B Estate Contant. Starting in 1993, Caribbean Healthways took delivery of its merchandise at the warehouse by parking trailers loaded with shipping containers at the warehouse loading dock. These trailers, which generally measured forty feet in length, but occasionally varied from twenty to more than fifty feet, extended out from the loading dock into the right of way, parcel 14D. The trailers blocked the right of way for anywhere between a few hours to several days. While a trailer was parked in the right of way, it impeded access to portions of 14A.

The use of the right of way eventually became a point of contention between King, the owner of parcel 14B, and the Jameses and their tenants, all of whom did business from the building situated on parcel 14A. According to Natalie Knight, who ran a small engine repair business with her husband as one of Jameses' tenants on parcel 14A, the trailers completely blocked access to their business which was located in the northern-most section of the building on parcel 14A and was the closest part of the building to Healthways' property. The relationship between the Jameses and King soured over the use of the right of way. According to King, the Jameses blocked his deliveries by parking their vehicles in front of the trailers, or by standing in the way as delivery drivers attempted to maneuver the trailers. The situation deteriorated to the point that the police and Department of Planning and Natural Resources officers repeatedly responded to complaints regarding use of the right of way. The trailers, and resulting acrimony, caused at least two of Gejan, Inc.'s tenants, including the Knights, to remove their businesses from the Jameses' building prior to the end of their leases.

On December 19, 2005, Healthways filed a four count complaint in the Superior Court seeking an injunction preventing the Jameses from interfering with Healthways' use of the right of way, a declaratory judgment that the Jameses unlawfully interfered with the right of way, and damages for wrongful interference with use of an easement and intentional interference with performance of a contract. The Jameses responded with a counterclaim that sought injunctive relief against Healthways in the form of a decree preventing the larger trailers from blocking the right of way.

Both sides filed motions for temporary restraining orders. Following a hearing in January of 2006, during which the trial court inspected the site, the court entered temporary restraining orders against all parties. The court restrained the Jameses and their tenants from parking vehicles on or otherwise blocking the right of way. The court also restrained Healthways from using trailers larger than twenty feet in length and from using the loading ramp in a manner that blocks other vehicles from accessing the property. Both parties subsequently filed motions for permanent injunctions: the Jameses sought an extension of the existing restraining orders while Healthways sought an extension of the restriction on the Jameses and the recognition of an implied easement which gave Healthways the right to park trailers at the loading ramp even if the trailers remained partially in parcel 14D while parked. In the same motion, Healthways also sought summary judgment on the issue of the implied easement.

In April of 2009, the Superior Court conducted a hearing on the parties' motions for a permanent injunction. At this hearing, Janet James testified that on thirty-nine separate occasions following the entry of the temporary restraining orders, Healthways parked forty foot trailers in the right of way. Healthways countered that the temporary restraining order allowed the use of forty foot trailers, provided that they were angled in such a way as not to interfere with access to Gejan, Inc's property. During this hearing, the Superior Court denied Healthways' motion for summary judgment.

At the hearing, the Superior Court granted the Jameses' request for a permanent injunction. In its ruling, the court found that two of Gejan, Inc.'s tenants moved out because of the problems with Healthways' trailers. Furthermore, the court found that Healthways did not have a right to park trailers within the right of way. Finally, the court clarified that the injunction prohibited Healthways from using trailers larger than twenty feet in length.

*Caribbean Healthways, Inc. v. James*, 55 V.I. 691, 693-96 (V.I. 2011). Healthways appealed to this Court, and in a September 2, 2011 Opinion, we held that the Superior Court did not err in rejecting Healthways' implied easement claim because Healthways had not alleged that claim in their complaint but rather raised it for the first time in their summary judgment motion. *Id.* at 698-99. Nevertheless, we reversed the permanent injunction as

overly broad. *Id.* at 700-01. Specifically, we concluded that the injunction, as written, "also prevent[ed] the use and parking of trailers longer than twenty feet anywhere on parcel 14B, and that includes the second warehouse which has a loading ramp that does not cause interference with the right of way." *Id.* at 700.

On remand, the Superior Court, in a December 2, 2011 Order, directed the parties to brief whether any questions of fact remained unresolved and whether all issues in the complaint were fully briefed or required a hearing. Healthways responded by referring the court to factual questions and claims it believed remained unresolved. The Jameses did not respond to the court's order. Healthways also moved for leave to amend their complaint on January 30, 2012. On February 2, 2012, the Superior Court entered a new permanent injunction. Healthways timely filed a notice of appeal on March 2, 2012.

## II. JURISDICTION

Although the February 2, 2012 Order resolves the narrow issue presented on remand, it is not a final judgment because it did not end the litigation as to all of the claims before the Superior Court, since Healthways' claim that the Jameses interfered with their right to access the right of way remains outstanding. *Cf. Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (noting that a final judgment "is one that ends the litigation on the merits and leaves nothing to do but execute the judgment" (quoting *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008))). Nevertheless, even without a final judgment, we have jurisdiction to review interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." 4 V.I.C. § 33(b)(1). Since the February 2, 2012 Order entered a permanent injunction, we have jurisdiction over this appeal.

## III. DISCUSSION

Healthways primarily argues that "[o]nce again, the trial court did not narrowly tailor its language to fit the particular circumstances of the case, although this Court specifically instructed it to do so on remand." (Appellants' Br. 14.) Essentially, Healthways contends that the Superior Court failed to follow our mandate in remanding this matter to amend the permanent injunction. (Appellants' Br. 14-15.)

■ We retain plenary power to determine whether the Superior Court adhered to the terms of our mandate. *See Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 n.1 (3d Cir. 1984) (citing *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 325, 81 S. Ct. 1243, 6 L. Ed. 2d 318 (1961)). However, the Superior Court's ultimate decision to grant or deny a permanent injunction is reviewed for abuse of discretion. *In re Najawicz*, 52 V.I. 311, 328 (V.I. 2009); *see also Stevens v. People*, 55 V.I. 550, 556 (V.I. 2011) ("An abuse of discretion arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." (internal quotation marks omitted)).

The Superior Court's original injunction permanently enjoined Healthways

> from driving in and/or using any trailer larger than 20 feet at the premises located at Parcel No. 14 Contant, St. Thomas, U.S. Virgin Islands and/or interfering with the ingress and egress of vehicles belonging to the Defendants, their customers and the Defendants' tenants and/or their customers on the said real property.

(J.A. 247.) Following our remand, the Superior Court's February 2, 2012 Order enjoins Healthways "from utilizing, inclusive of loading and unloading, any trailer with a width and/or length in excess of 20 feet on any portion of parcel No. 14D Estate Contant." (J.A. 849 (emphasis omitted).) The Superior Court also ordered

> **that parcel No. 14D Estate Contant shall retain its use as a right-of-way for ingress and egress ONLY**, thus allowing [Healthways] the opportunity to direct trailers longer than 20 feet to their premises located at parcel No. 14B Estate Contant for purposes of loading, unloading, and/or storage. . . .

(J.A. 850 (emphasis in original).) Healthways argues that the injunction remains overly broad because it "rents only one warehouse where it conducts its business, [whereas] Appellant King owns a second warehouse on Parcel 14B. . . . accessed by ramp and a separate loading dock which are not at issue in this lawsuit." (Appellants' Br. 15.) Because that separate loading dock is arguably encompassed within the injunction, Healthways asks us to once again reverse the injunction and direct the court "to narrow and tailor its injunction to apply only to the dock at issue." (*Id.*)

810

In reversing the initial permanent injunction, we held "that the rest of parcel 14B, including the second warehouse, was never at issue before the Superior Court," and therefore the Superior Court should have worded the injunction "so that it only restricted the use of parcel 14B that interferes with the right of way." *Caribbean Healthways*, 55 V.I. at 700. In its February 2, 2012 Order, the Superior Court restored Healthways' right-of-way over Parcel 14D; something not explicitly provided for in the initial order. But the injunction is internally inconsistent, enjoining Healthways from utilizing any trailer longer than twenty feet on "any portion of" Parcel 14D, (J.A. 849), but providing that Healthways may utilize Parcel 14D "to direct trailers longer than 20 feet to their premises." (J.A. 849-50.) Healthways cannot direct trailers twenty feet or more in length to its property over Parcel 14D without simultaneously violating the court's prohibition on "utilizing . . . any trailer . . . in excess of 20 feet on any portion of" Parcel 14D. In other words, if a trailer longer than twenty feet were to drive over the right-of-way to reach Parcel 14B, Healthways would violate the first portion of the injunction, prohibiting it from utilizing any trailer that is twenty feet or longer on any portion of Parcel 14D.

■ In addition to being internally inconsistent, the injunction also remains broader than necessary to restrain the impermissible conduct. The injunction does not merely enjoin Healthways from using Parcel 14B in a way that interferes with the Jameses' ability to use the right-of-way. Parcel 14B includes two different buildings that together stretch the entire width of the northern portion of the former 14 Estate Contant prior to its subdivision. *See Caribbean Healthways*, 55 V.I. at 694 (map of 14 Estate Contant, St. Thomas). As worded, the injunction prevents Healthways not only from utilizing, inclusive of loading and unloading, any trailer twenty feet or longer on the portion of Parcel 14D that abuts the Jameses' property, but also from utilizing any portion of Parcel 14D for loading and unloading, even on the side furthest away from the Jameses' property. Because injunctions must be stated in specific terms, no broader than necessary to restrain impermissible conduct, *id.* at 700 (quoting FED. R. CIV. P. 65(d)(1)(B)-(C)), we agree that the permanent injunction granted by the February 2, 2012 Order is overly broad. Therefore, we reverse the

February 2, 2012 Order, and again remand this case to the Superior Court so that it may narrow the scope of the permanent injunction.[2]

## IV. CONCLUSION

The Superior Court's February 2, 2012 Order failed to fully comply with this Court's mandate on remand. Accordingly, we reverse the February 2, 2012 Order and remand to the Superior Court to once again reconsider the scope of the permanent injunction consistent with this Opinion.

.

---

[2] **[5]** In their appellate brief, Healthways also requests that this Court decide, in the first instance, whether they possess an implied easement over Parcel 14D. In support of that request, Healthways invokes Supreme Court Rule 4(h), which provides that "[o]nly issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented." But we have repeatedly emphasized that Rule 4(h) simply adopts the plain error standard of review. *See, e.g., Williams v. People*, 56 V.I. 821, 827 (V.I. 2012); *People v. Murrell*, 56 V.I. 796, 802 (V.I. 2012). Since the Superior Court neither granted nor denied Healthways' motion to amend their complaint to state an implied easement claim, there is nothing for this Court to review, for plain error or otherwise. *See, e.g., Motani v. Wallace Enters., Inc.*, 251 Ga. App. 384, 554 S.E.2d 539, 540 (Ga. Ct. App. 2001) ("Motani also appeals the trial court's failure to grant his motion for summary judgment. Because the trial court issued no ruling on Motani's motion, this claim presents nothing for review."); *Mitchell v. State*, 90 So. 3d 584, 593 (Miss. 2012) (observing that "a trial court cannot err when it makes no ruling"). And because the instant appeal is interlocutory, rather than from a final judgment, we cannot construe the Superior Court's failure to rule as an implicit denial of the motion. *Cf. Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 534 (V.I. 2012) (treating the failure to rule on a motion as an implicit denial where "Superior Court dismissed all claims and closed its case"). We are confident that, on remand, the Superior Court will consider Healthways' outstanding motion in due course.