BOSTON REDEVELOPMENT AUTHORITY *vs.* CHARLES RIVER PARK "C" COMPANY & others.[1] June 15, 1988. *Practice, Civil*, Judgment, Relief from judgment, Appeal. *Judgment*, Relief from judgment.

In earlier proceedings we denied the defendants' request for further appellate review of an Appeals Court reversal of summary judgment in their favor, and grant of declaratory and injunctive relief in the plaintiff's favor.[2] See *Boston Redevelopment Auth.* v. *Charles River Park "C" Co.*, 21 Mass. App. Ct. 777, further appellate review denied, 397 Mass. 1103 (1986) (rehearing denied). The defendants thereafter took the position that final judgment had not entered, because the Appeals Court's rescript to the Superior Court stated only "Judgment reversed." Accordingly, the defendants filed counterclaims and a jury trial demand in the Superior Court. The plaintiff then successfully requested the Appeals Court to issue a second rescript nunc pro tunc indicating the granted declaratory and injunctive relief. The defendants, while continuing to contend, as they do to this court, that final judgment has not entered, moved for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (5) and 60 (b) (6), 365 Mass. 828 (1974). The Superior Court judge denied this motion without prejudice, and reported, pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), a number of questions regarding the propriety of his acting on the rule 60 (b) motion. Following a determination by a single justice of the Appeals Court that he lacked the power to dismiss the report, we granted the defendants' request for direct appellate review.

---

[1] Prynne Realty Trust and an intervener, Hawthorne Residents Association.

[2] It also was open to the defendants to make to the Appeals Court, in a motion for rehearing, all arguments they now urge regarding the propriety of the Appeals Court decision.

Contrary to the defendants' consistent assertions, final judgment entered in the earlier proceedings, at least, on the Appeals Court's amended rescript. See G. L. c. 231A, § 1 (1986 ed.) ("declaratory judgment or decree . . . when made, shall have the force and effect of a final judgment or decree"). Because the prior proceedings had ended in final judgment, the defendants' subsequent filing of counterclaims and accompanying jury trial demand was a nullity, denial of their rule 60 (b) motion was not an interlocutory order, and report of questions regarding that motion pursuant to rule 64 was erroneous. We treat the matter as an appeal from the denial of a motion under rule 60 (b) (5) and 60 (b) (6). Denial of that motion was proper, as the defendants have identified no circumstances making continued operation of the judgment inequitable, see rule 60 (b) (5), nor have they identified any extraordinary circumstances warranting relief under rule 60 (b) (6), given that they had a full and fair opportunity to contest the judgment through the ordinary appellate process. See *Bromfield* v. *Commonwealth*, 400 Mass. 254, 257 (1987).

The questions were reported erroneously. The plaintiff has asked that attorneys' fees and costs be awarded to the plaintiff against the defendants for all proceedings subsequent to the issuance of the Appeals Court's second rescript. See G. L. c. 231, § 6F (1986 ed.); Mass. R. A. P. 25, as amended through 378 Mass. 925 (1979). We think that such an order would be inappropriate, in light of the fact that the matter came before us, not on the defendants' appeal, but on questions reported by the judge. Because the report must be discharged, the order previously entered in the Superior Court is to be vacated and a new order is to be entered dismissing with prejudice the defendants' motion under rule 60 (b) (5) and 60 (b) (6).

*So ordered.*

*Kenneth A. Cohen (James J. Dillon* with him) for Prynne Realty Trust.

*Robert J. Muldoon, Jr. (David A. Guberman* with him) for Charles River Park "C" Company.

*Saul A. Schapiro (Edward F. Kelly* with him) for the plaintiff.

*Paul G. Garrity & Stephen Y. Chow,* for Hawthorne Residents Association, intervener, were present but did not argue.