# DIANA Y. DAVIS, Appellant/Defendant
## v.
# ALLIED MORTGAGE CAPITAL CORPORATION Appellee/Plaintiff

S. Ct. Civ. No. 2009-0031

Supreme Court of the Virgin Islands

April 7, 2010

491

MARK L. MILLIGAN, ESQ., St. Croix, USVI, *Attorney for Appellant.*

BRUCE P. BENNETT, ESQ., Hunter Cole & Bennett, St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(April 7, 2010)

HODGE, C.J. Appellant Diana Davis (hereafter "Davis") appeals from a March 13, 2009 Superior Court Opinion and Order awarding $96,417.33 to Appellee Allied Mortgage Capital Corporation (hereafter "Allied Mortgage"). For the following reason, we dismiss the instant appeal for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 2, 2002, Davis executed a note promising to repay Allied Mortgage $92,475.00, with a 7.5 percent annual interest rate, for a mortgage loan used to purchase Plot No. 7 E. Estate Sion Hill in St. Croix, U.S. Virgin Islands (hereafter "the Property"). (J.A. at 15.) Pursuant to their agreement, Davis agreed to make monthly payments to

---

[1] Normally, it is not necessary for a court to consider a case's full factual and procedural background in order to determine whether it should dismiss an appeal for lack of jurisdiction. However, because the convoluted history of this case is relevant to the issue of this Court's appellate jurisdiction, we set forth the procedural background in detail.

Allied Mortgage in the amount of $646.60 beginning on June 1, 2002, with any remaining indebtedness payable on May 1, 2032. (*Id.*) In the event Davis failed to pay the full amount of each monthly payment, the agreement authorized Allied Mortgage — after providing Davis with written notice of her default and its decision to accelerate payment — to require Davis to immediately pay the full amount of the unpaid principal as well as any owed interest and the costs and expenses associated with enforcing the note. (J.A. at 16.)

On December 8, 2004, Allied Mortgage filed suit against Davis in the Superior Court of the Virgin Islands. In its complaint, Allied Mortgage alleged that Davis had failed to make timely payments pursuant to the May 2, 2002 agreement and requested that the Superior Court enter a judgment against Davis "for all unpaid principal, interest, escrow, late charges and miscellaneous fees due and payable as of the date of judgment" and its "costs and fees incurred in protecting its rights in the Property, including . . . real property taxes and insurance premiums, together with . . . costs and reasonable attorney's fees," as well as a judgment "recognizing [Allied Mortgage]'s Mortgage to be a valid first priority mortgage against the Property, and enforcing and foreclosing the Mortgage under Allied Mortgage Capital Corporation's priority lien . . . ." (J.A. at 13-14.) On December 10, 2004, Allied Mortgage notified the Superior Court that it had served Davis with a summons and a copy of the complaint through her daughter, Damairis Owens (hereafter "Owens"), who was present at the Property on December 9, 2004. (J.A. at 30.)

On February 1, 2005, Allied Mortgage, noting that Davis had failed to respond to the complaint, requested that the Superior Court enter default against Davis, which it did on February 4, 2005. On February 17, 2005, Davis, through her counsel, entered a limited appearance and moved for the Superior Court to set aside its entry of default on the basis that Davis was not lawfully served with notice of the action because (1) neither Davis nor Owens resides at the Property and (2) Owens was not authorized to accept service on Davis's behalf. Allied Mortgage filed an opposition to Davis's motion on February 22, 2005, to which Davis replied on February 24, 2005. On July 25, 2005, Davis filed a motion for leave to file an answer to Allied Mortgage's complaint and a counterclaim for breach of contract, intentional interference with performance of contract, and negligence. In her counterclaim, Davis contended that on March 30, 2005, she executed an "offer to purchase" the Property to

Miguel and Gislaine Camacho (hereafter "the Camachos") for $110,000.00, with the closing scheduled for June 24, 2005, but that she was unable close the transaction because Allied Mortgage failed to agree to fully release her of the mortgage obligation pursuant to the agreement's pre-payment provisions. On the same day, Davis filed a demand that Allied Mortgage post security pursuant to title 5, section 547 of the Virgin Islands Code and a request that the proceedings be stayed until Allied Mortgage posts the demanded security. Allied Mortgage responded to both of these filings on July 28, 2005, and Davis submitted its responses on August 3, 2005. On October 11, 2005, Allied Mortgage also filed a motion for summary judgment.

The Superior Court, in a November 16, 2005 Order, held that Davis had been properly served because the Property constituted her last known address and she had never notified Allied Mortgage that she moved or changed her place of residence. Nevertheless, the Superior Court, finding that good cause existed for Davis to argue that service had been insufficient, granted Davis's motion to set aside entry of default. Moreover, the Superior Court granted Davis leave to file her answer and counterclaim. However, the Superior Court did not acknowledge Davis's request for Allied Mortgage to post security or Allied Mortgage's motion for summary judgment. Consequently, Davis filed a renewed demand for the posting of security on November 23, 2005. Allied Mortgage filed its answer to Davis's counterclaim on December 15, 2005.

On January 4, 2006, Davis filed a motion to dismiss Allied Mortgage's complaint on the basis that Allied Mortgage had failed to comply with her July 25, 2005 and November 23, 2005 demands for security pursuant to section 547 of title 5. Allied Mortgage filed its opposition to Davis's motion to dismiss on January 11, 2006, which argued that it was not yet required to post security because it had filed an opposition to Davis's demand for security on July 28, 2005, which had not been acknowledged by the Superior Court. In her January 24, 2006 reply, Davis contended that section 547's automatic stay provision required Allied Mortgage to immediately post security without the need for a court order, and also argued that the stay provision rendered Allied Mortgage's October 11, 2005 motion for summary judgment a nullity. On April 26, 2006, while Davis's motion to dismiss remained pending, Allied Mortgage filed a motion requesting that its October 11, 2005 motion for summary judgment be deemed conceded due to Davis's failure to submit an

opposition. Davis opposed the motion to deem conceded on May 8, 2006, again contending that section 547's automatic stay provision rendered Allied Mortgage's motion for summary judgment a nullity that was not properly before the Superior Court and renewing its request for the Superior Court to dismiss Allied Mortgage's complaint.

The Superior Court, in a May 15, 2006 Order, held that Allied Mortgage, as a non-resident financial institution, was compelled to post security under section 547, but denied Davis's motion to dismiss because of the strong preference for "avoid[ing] dismissing a case for procedural defects when possible." (J.A. at 83.) In addition, the Superior Court required that Allied Mortgage's October 11, 2005 motion for summary judgment be stricken from the record. On May 16, 2006, Allied Mortgage notified the Superior Court that it deposited the required $1,000.00 security on May 12, 2006.

On June 6, 2006, Allied Mortgage submitted a demand for Davis to post $1,000.00 security under section 547 in order to proceed with her counterclaim on the basis that Davis's answer, Owens's affidavit in support of Davis's motion to set aside entry of default, and Davis's Rule 26.2 disclosure stated that Davis resides in Florida. Davis filed her opposition to Allied Mortgage's demand for security on June 9, 2006, which (1) argued that a "defendant/counterclaimant" is not a "plaintiff" for purposes of section 547; (2) contended that it is inconsistent to hold that Davis is domiciled in the U.S. Virgin Islands for purposes of service of process but a resident of Florida for purposes of section 547; and (3) requested that the Superior Court sanction Allied Mortgage pursuant to Federal Rule of Civil Procedure 11. On June 15, 2006, Allied Mortgage submitted a reply stating that Davis was a "plaintiff" for purposes of her counterclaim and that "[t]here is no question that Davis does not reside in the Virgin Islands," but "that she resides in Florida." (J.A. at 120.)

On July 14, 2006, Allied Mortgage filed a motion for summary judgment, which contended that it was entitled to judgment as a matter of law because the undisputed facts demonstrated that Davis had properly executed the note and mortgage yet failed to comply with its terms. Davis jointly filed, on August 28, 2006, an opposition to Allied Mortgage's motion for summary judgment, a motion to dismiss Allied Mortgage's complaint due to Allied Mortgage's failure to provide written notice of her default and its intent to accelerate as required by their agreement, and a motion for summary judgment on her counterclaim. Allied Mortgage

submitted a reply in support of its motion for summary judgment on October 13, 2006, and on October 25, 2006 filed a motion to dismiss Davis's counterclaim on the basis that Davis had not posted security as required by section 547. Davis opposed Allied Mortgage's motion to dismiss on November 2, 2006, again arguing that a "defendant/counterclaimant" is not a "plaintiff" pursuant to section 547, and, on the same day, submitted a notice stating that she intended to file a motion for sanctions if Allied Mortgage did not withdraw its motion to dismiss within twenty-one days. On November 3, 2006, Davis filed a motion to deem its motion for summary judgment on its counterclaim conceded on the basis that Allied Mortgage's October 13, 2006 reply only presented arguments in support of its July 14, 2006 motion for summary judgment and did not oppose Davis's motion for summary judgment on its counterclaim. Moreover, Davis's November 3, 2006 filing requested that the Superior Court strike several purportedly unauthenticated documents Allied Mortgage had attached as exhibits to its October 13, 2006 reply. Allied Mortgage filed a reply in support of its motion to dismiss Davis's counterclaim on November 6, 2006. Davis filed her motion for sanctions on November 28, 2006, which Allied Mortgage opposed on March 15, 2007.

The Superior Court, in a May 5, 2007 Order, held that Davis, although a defendant with respect to Allied Mortgage's complaint, is a "plaintiff" for purposes of her counterclaim, and is thus subject to section 547. (J.A. at 197.) Moreover, the Superior Court found that Davis "resides out of the Virgin Islands," and stated that this finding was not inconsistent with its earlier ruling that service of process was proper because "the standard applied in that analysis is not relevant to the matter before the Court today." (J.A. at 197-98.) In addition, the Superior Court's Order denied Davis's motion for sanctions because Allied Mortgage was entitled to obtain security from Davis pursuant to section 547. Finally, the Superior Court denied Allied Mortgage's motion to dismiss Davis's counterclaim, again due to the strong preference in favor of hearing cases on their merits, and also denied Davis's motion for summary judgment on her counterclaim "as it should not have been submitted to the Court after service of the notice requiring security because all proceedings in the action should have been stayed until security is given by [Davis]." (J.A. at 199.) The Superior Court, however, did not discuss whether Allied Mortgage's July 14, 2006 motion for summary judgment or Davis's

November 3, 2006 motion to strike unauthenticated exhibits should also have constituted nullities due to section 547's automatic stay provision.

On May 18, 2007, Davis notified the Superior Court that it posted $1,000.00 in security on the same day. On May 22, 2007, Davis, noting that the Superior Court had found that its August 28, 2006 joint filing was not properly before the Court yet did not strike Allied Mortgage's July 14, 2006 motion for summary judgment even though it had also been filed during the automatic stay period, moved for leave to file its opposition to Allied Mortgage's motion for summary judgment, its motion to dismiss Allied Mortgage's complaint, and its motion for summary judgment on its counterclaim *nunc pro tunc* to August 28, 2006. The record, however, does not indicate that the Superior Court ever formally ruled on this motion. The Superior Court, in a March 13, 2009 Opinion and Order which expressly considered both Davis's July 14, 2006 motion for summary judgment and Allied Mortgage's August 28, 2006 "opposition," held that Allied Mortgage had initially breached its contract with Davis because, although Davis had failed to make timely payments, the agreement required Allied Mortgage to provide Davis with written notice of her failure to pay and to give Davis reasonable time for corrective action before initiating judicial proceedings. Moreover, the Superior Court held that Allied Mortgage had further breached its contract by failing to provide Davis with notice prior to initiating acceleration. Nevertheless, the Superior Court, noting that the general remedy for a breach of contract is to place the injured party in the position it would have attained had the contract been performed, nevertheless entered judgment in favor of Allied Mortgage in the amount of $96,417.33, which the Superior Court found represented the amount Davis would have owed Allied Mortgage before it filed its complaint. The Superior Court, however, did not expressly deny Davis's August 28, 2006 motion for summary judgment on her counterclaim. Davis filed her notice of appeal on April 8, 2009.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its Opinion and Order entering judgment in favor of Allied Mortgage on March 13, 2009, and Davis's notice of appeal was filed on

April 8, 2009, the notice of appeal was timely filed. *See* V.I.S.CT.R. 5(a)(1) ("the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . ."). However, in its brief Allied Mortgage contends that this Court lacks jurisdiction over Davis's appeal because the Superior Court's March 13, 2009 Opinion and Order is not an appealable final judgment since Davis's counterclaim purportedly remains pending in the Superior Court. Consequently, prior to considering the merits of this appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276 (V.I. 2008). For the reasons that follow, this Court concludes that it lacks jurisdiction because the March 13, 2009 Opinion and Order is not final due to the pendency of Davis's counterclaim.

## A. Legal Standard

■ As a general rule, "[a]n order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). "Accordingly, where the order granting summary judgment did not adjudicate the counterclaim, all the claims of the parties were not decided," and "[t]he order thus is not a final, appealable order. . . ." *TMA Fund, Inc. v. Biever*, 520 F.2d 639, 641 (3d Cir. 1975). While the Virgin Islands Code authorizes litigants in civil cases to appeal, as of right, "[i]nterlocutory orders . . . granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions," 4 V.I.C. § 33(b)(1), and "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property," 4 V.I.C. § 33(b)(2), neither statute authorizes Davis's appeal of the Superior Court's March 13, 2009 Opinion and Order. Finally, while 4 V.I.C. § 33(c) authorizes this Court to, at its discretion, hear interlocutory appeals of orders certified by the Superior Court for immediate review, the Superior Court did not grant such certification with respect to the March 13, 2009 Opinion and Order, nor does it appear that such certification was sought by Davis.

■ Nevertheless, a trial court's failure to expressly address a counterclaim will not render an order non-final if (1) the language of the

judgment indicates that the court implicitly ruled on the counterclaim, *see Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 543 (6th Cir. 1986) ("If the district court's ruling on one claim necessarily precludes an alternative or mutually exclusive claim, a final order will arise despite the lack of an explicit declaration by the district court.") (citing *Joseph E. Bennett Co. v. Trio Industries, Inc.*, 306 F.2d 546, 548 (1st Cir. 1962)); (2) the judgment in the primary action rendered the counterclaim moot, *Wise v. Gursky*, 66 Ohio St. 2d 241, 421 N.E.2d 150, 152 (1981); or (3) procedural or jurisdictional defects that rendered the counterclaim a nullity or otherwise prevented the counterclaim from ever being properly before the trial court, *Boston Redevelopment Authority v. Charles River Park "C" Co.*, 524 N.E.2d 381, 382 (Mass. 1988). Accordingly, to determine whether it has jurisdiction over this appeal, this Court must determine whether the Superior Court's March 13, 2009 Opinion and Order was sufficient to dispose of all claims in the litigation and, if not, whether procedural or jurisdictional defects excused the Superior Court's failure to consider Davis's counterclaim. However, in determining whether the Superior Court ruled on the counterclaim, this Court does not consider whether the Superior Court followed the correct procedure in disposing the counterclaim, but only whether its intent to end the entire litigation was readily apparent. *See Cammack the Cook, LLC v. Eastburn*, 296 S.W.3d 884, 890 (Tex. App. 2009) (holding that *sua sponte* grant of summary judgment on counterclaim, while improper, did not render judgment non-final).[2]

## B. The March 13, 2009 Opinion and Order Did Not Implicitly Deny Davis's Counterclaim

In its brief, Allied Mortgage contends that the Superior Court failed to rule on Davis's counterclaim because its March 13, 2009 Opinion and Order only addressed Davis's obligations under the mortgage and never discussed whether Allied Mortgage's "alleged conduct during the land sale negotiations constituted a breach of contract and/or intentional

---

[2] In her reply brief, Davis contends that the Superior Court's March 13, 2009 Opinion and Order is final because "[a] final judgment necessarily denies pending motions, and so starts the time for appeal." (Appellant's Reply Br. at 1 (quoting *Dunn v. Truck World, Inc.*, 929 F.2d 311, 313 (7th Cir. 1991)). However, as indicated above, this rule does not apply to counterclaims.

interference with a third party contract entitling [Davis] to damages." (Appellee's Br. at 6-7.) We agree that the three causes of action asserted in Davis's counterclaim — breach of contract, interference with performance of contract, and negligence — all stem from Allied Mortgage's alleged failure to respond to Davis's correspondence during the period Davis attempted to sell the Property to the Camachos, and thus do not relate to Allied Mortgage's breach of contract action, which is premised on Davis's failure to make timely payments pursuant to their agreement. While Davis argues that the Superior Court "made specific findings on *all* of the genuine issues and material facts involved, and made certain that all of the claims raised in [Davis]'s answer, affirmative defenses and its cross-motion for summary judgment . . . were substantively addressed and disposed of," (Appellant's Reply Br. at 2 (emphasis in original)), we cannot agree that the Superior Court's finding "that [Davis]'s offer to pre-pay the mortgage loan with the proceeds of a[n] executory land contract was, as a matter of law, insufficient legal tender to discharge her obligations to pay the mortgage indebtedness" was, in effect, a "ruling by the Superior Court . . . that [Davis]'s counterclaim be dismissed for failure to state a claim upon which relief may be granted." (Appellant's Reply Br. at 3 (emphases removed).) Notably, the Superior Court expressly found that "Davis would have been penalized if she attempted to close the sale with the Camachos without a written response from Allied" and, citing the RESTATEMENT (SECOND) OF CONTRACTS § 215, held that "Allied's non-response detrimentally prevented Davis from continuing with and closing the sale," (J.A. at 214), a finding wholly inconsistent with Davis's claim that the Superior Court dismissed her counterclaim for failure to state a claim.

### C. The Superior Court's Judgment Did Not Render Davis's Counterclaim Moot

■ Even if the Superior Court did not explicitly or implicitly dispose of Davis's counterclaim, this Court may retain appellate jurisdiction over this appeal if Davis's counterclaim is so intertwined with Allied Mortgage's complaint that the judgment in favor of Allied Mortgage on its complaint renders Davis's counterclaim moot. *See Wise*, 421 N.E.2d at 152 (holding no express ruling on defendant's counterclaim necessary to satisfy finality requirement when judgment in plaintiff's favor on main cause of action renders counterclaim moot). However, as noted in the

500

prior discussion of whether the Superior Court implicitly denied Davis's counterclaim, Allied Mortgage's action against Davis bears no relationship to Davis's counterclaim, and thus a finding that Allied Mortgage is entitled to recover damages from Davis for failure to make mortgage payments would have no impact on the separate question of whether Davis may recover against Allied Mortgage for its alleged failure to respond to her June and July 2005 correspondence pertaining to the potential sale of the Property to the Camachos. Consequently, this Court does not find that the mootness doctrine converts the Superior Court's March 13, 2009 Opinion and Order into a final and appealable judgment.

### D. Davis's Counterclaim Was Properly Before the Superior Court

While the Superior Court did not rule on Davis's counterclaim or render it moot by entering a judgment in favor of Allied Mortgage on its breach of contract claim, the Superior Court's March 13, 2009 Opinion and Order may nevertheless qualify as a final judgment if Davis's counterclaim constituted a nullity that was not properly before the Court. *See Boston Redevelopment Authority*, 524 N.E.2d at 382 (holding that trial court's failure to rule on defendant's counterclaim did not render order dismissing plaintiff's complaint non-final because counterclaim, which was filed after plaintiff's complaint was already dismissed, was a nullity). Although neither Davis nor Allied Mortgage dispute in their appellate briefs that Davis's counterclaim was properly before the Superior Court, "their agreement does not relieve the court of the need to conduct an independent analysis of the jurisdictional question." *H&H Avionics v. V.I. Port Auth.*, 52 V.I. 458, 460 (V.I. 2009) (quoting *Wisconsin Bell, Inc. v. TCG Milwaukee, Inc.*, 301 F. Supp. 2d 893, 895-96 (W.D. Wis. 2002)). *See also Martinez v. Colombian Emeralds*, 51 V.I. 174, 186 (V.I. 2009) (holding that Superior Court may not consider motion not properly before it).

The record indicates that, on July 25, 2005, Davis filed her motion for leave to file a counterclaim and shortly thereafter on the same day[3] requested that Allied Mortgage post security pursuant to title 5, section

---

[3] The timestamps on these documents indicate that they were both accepted by the Superior Court at 8:53AM. However, the Superior Court's certified docket sheets indicate that the Superior Court formally docketed Davis's motion for leave prior to her request for Allied Mortgage to post security.

547 of the Virgin Islands Code. Section 547 expressly provides, however, that "[a]fter the service of such a notice, *all* proceedings in the action *shall* be stayed until security is given by the plaintiff." 5 V.I.C. § 547(a) (emphasis added). Nevertheless, although this automatic stay was in place until May 16, 2006 — the day Allied Mortgage posted $1,000.00 in security with the Superior Court — the Superior Court entered its order granting Davis's motion for leave to file her counterclaim on November 16, 2005. Notably, the Superior Court, in its May 15, 2006 Order requiring Allied Mortgage to post security, struck Allied Mortgage's October 11, 2005 motion for summary judgment from the record — presumably because it was filed during this automatic stay period — but failed to explain in either its November 16, 2005 or May 15, 2006 Orders on what basis it could allow Davis to file her counterclaim during the statutorily-mandated stay.

■ Orders entered in judicial proceedings that occur in violation of an automatic stay mandated by a statute are either void, or merely voidable. *See In re Soares*, 107 F.3d 969, 976 (1st Cir. 1997) (noting that Fifth, Sixth, and Federal Circuits treat judicial proceedings in violation of automatic stay provisions in Bankruptcy Code as voidable, while First, Second, Ninth, Tenth, and Eleventh Circuits generally consider such proceedings void) (collecting cases). "By strict definition that which is void is nugatory and of no effect and cannot be cured; that which is voidable may be either voided or cured." *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989) (citing BLACKS LAW DICTIONARY 1411 (5th ed. 1979)). To determine whether acts taken in violation of an automatic stay are void, courts consider whether violations of the stay will always "frustrate the purpose of the automatic stay" and if the legislative body has demonstrated a clear intent to deem all acts void. *Bronson v. United States*, 46 F.3d 1573, 1578 (Fed. Cir. 1995); *see also Varian Medical Systems, Inc., v. Delfino*, 35 Cal. 4th 180, 25 Cal. Rptr. 3d 298, 106 P.3d 958, 970 (2005) (holding trial court proceedings which occurred during statutorily-mandated automatic stay pending appeal are void rather than voidable because to hold otherwise would frustrate purposes of statute).

■■ Given the purpose of section 547 and the absence of any clear instruction by the Legislature, this Court deems that violations of section 547's automatic stay provision are voidable rather than void, and thus capable of being either voided or cured depending upon the particular

circumstances. As the District Court of the Virgin Islands succinctly explained,

> the true distinction between a resident and nonresident plaintiff is that if the former refuses to pay an award, the defendant can enforce that award here in the Virgin Islands, while if the latter refuses to pay the award, the defendant must go off-island to enforce his judgment. Thus the purpose of 5 V.I.C. § 547 is to prevent prevailing resident defendants from having to go off island to enforce an award for costs against a nonresident plaintiff.

*Ingvoldstad v. Estate of Young*, 18 V.I. 346, 348 (D.V.I. 1981).[4]

 Here, the Superior Court's decision to rule on Davis's motion for leave to file a counterclaim during the pendency of the automatic stay did not frustrate section 547's purpose, particularly given that Davis is the party who chose to invoke section 547 and the Superior Court's ruling on her motion for leave was in her favor. Moreover, a holding that Davis's counterclaim was never properly before the Superior Court would itself frustrate the purpose underlying section 547. *See Hunot v. Superior Court*, 55 Cal. App. 3d 660, 127 Cal. Rptr. 703, 706 (1976) (holding that nonresident plaintiff security statute should not be construed in way which would discourage defendants from invoking statutory right to security or unnecessarily prolong litigation). Accordingly, this Court finds that, although it was filed during an automatic stay, Davis's counterclaim was at all times properly before the Superior Court.

---

[4] *See also Patrick v. Lynden Transport, Inc.*, 765 P.2d 1375, 1379 (Alaska 1988) (stating that Alaska statute containing contains language identical to section 547 was enacted for purpose of providing defendant with security since plaintiff's non-residence may make costs and attorneys fees difficult to collect). We also note that courts in jurisdictions with statutes containing identical or equivalent language have declined to deem all orders entered during the pendency of an automatic stay required by a non-resident plaintiff security statute as void, for not all violations of the automatic stay will frustrate the purpose of the statute. *See Long v. Thompson*, 63 Cal. App. 2d 834, 148 P.2d 129, 131 (1944) ("The law is established in California that if a judgment is entered after a nonresident plaintiff has failed to comply with the requirements of section 1030 . . . such judgment is merely erroneous (voidable). It is not void."); *compare Dane v. Daniel*, 28 Wash. 155, 68 P. 446, 450 (1902) (holding that automatic stay did not prevent trial court from granting plaintiff's motion to voluntarily dismiss complaint, even though plaintiff's motion was filed after defendant demanded posting of cost bond) *with Carter v. Superior Court*, 176 Cal. 752, 169 P. 667, 669-70 (1917) (enjoining trial court from proceeding to try case when nonresident plaintiff failed to provide security upon defendant's request).

## III. CONCLUSION

Based on the foregoing, this Court concludes that the Superior Court's March 13, 2009 Opinion and Order does not constitute a final appealable order, for the Superior Court did not expressly or implicitly rule on Davis's counterclaim, its judgment in favor of Allied Mortgage could not have rendered Davis's counterclaim moot, and, notwithstanding the automatic stay, Davis's counterclaim was properly before the Superior Court. Consequently, this Court dismisses the instant appeal for lack of jurisdiction and remands the matter to the Superior Court for disposition of Davis's counterclaim.