

**FILED**
March 18, 2022 01:07 PM
SX-2019-CV-00629
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **VERNAL EZEKIEL HERBERT,** | **Civil No. SX-19-CV-629** |
| **PLAINTIFF,** | **ACTION FOR DAMAGES** |
| V. | **JURY TRIAL DEMANDED** |
| **NATIONAL INDUSTRIAL SERVICES, LLC,** | |
| **DEFENDANT.** | **CITE AS: 2022 VI SUPER 29** |

**Appearances:**
**Eugenio W.A. Geigel-Simounet, Esq.**
GS Law Offices P.C.
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Gaylin Vogel**
Kevin F. D'Amour, P.C.
St. Thomas, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant National Industrial Services, LLC's (hereinafter "Defendant") motion to dismiss or in the alternative, motion to stay pending arbitration and motion to dismiss Count I for failure to state a claim upon which relief can be granted, filed on January 18, 2022.[1] In response, Plaintiff Vernal Ezekiel Herbert (hereinafter "Plaintiff") filed an opposition, and Defendant filed a reply thereto.

---

[1] This motion was joined with Defendant's motion to set aside entry of default and motion to dismiss or in the alternative, motion to stay, filed on January 18, 2022. Defendant's January 18, 2022 motion actually consisted of three separate motions: (i) a motion to set aside entry of default, (ii) a motion to dismiss or in the alternative, motion to stay pending arbitration, and (iii) a motion to dismiss Count I for failure to state a claim upon which relief can be granted.

On February 19, 2022, the Court entered an order whereby the Court disposed of Defendant's motion to set aside entry of default. Thus, the Court will address the motion to dismiss or in the alternative, motion to stay pending arbitration,

## BACKGROUND[2]

¶ 2    On December 17, 2019, Plaintiff filed a complaint against Defendant in connection with Plaintiff's employment with Defendant. In his complaint, Plaintiff alleged the following cause of action: Count I for civil rights violations, Count II for wrongful discharge, and Count III for punitive damages.[3] (Compl. 1-2.)

¶ 3    On January 18, 2022, Defendant filed this instant motion to dismiss or in the alternative, motion to stay.

## DISCUSSION

### I.    Motion to Dismiss or in the Alternative, Motion to Stay Pending Arbitration

¶ 4    In its motion, Defendant argued that "[t]his Court must dismiss the Complaint in favor of arbitration as the claims are governed by the Arbitration Agreement" or "[i[n the alternative,… issue a stay pending arbitration." (Motion, p. 5.) Defendant made the following assertions in support of its argument: (i) "As part of [Plaintiff's] employment paperwork, he signed an arbitration agreement where he agreed to arbitrate all disputes related to his employment." (Motion, p. 2.); (ii) "The arbitration agreement is a valid contract." (Id., at p. 4); (iii) "The arbitration agreement specifically states it shall govern all disputes or controversies arising out of [sic] related to the relationship between [Plaintiff] and [Defendant], and any termination of his employment with [Defendant]." (Id., at pp. 4-5); and (iv) "The contract also touches on interstate.

---

and the motion to dismiss Count I for failure to state a claim upon which relief can be granted together in this memorandum opinion and order.

[2] A thorough description of the procedural background is provided in the Court's February 19, 2022 order.

[3] The Court must note that in *Bertrand v. Mystic Granite & Marble, Inc.*, the Virgin Islands Supreme Court affirmed the Superior Court's ruling that "a request for punitive damages is not an independent cause of action." 63 V.I. 772, 784 n.6 (V.I. 2015); *see also, Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 95 n.1 (V.I. Super. Ct. 2014) ("Although labeled as a 'claim' for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages.").

The Limetree Bay refinery exports oil out of the territory." (Id., at p. 5.) A copy of a document titled "Arbitration Policy and Dispute Resolution Program," dated August 29, 2017, executed by Plaintiff and Defendant was attached as an exhibit to the motion.

¶ 5    In his opposition, Plaintiff argued that the Court should deny Defendant's motion. Plaintiff indicated that he "incorporates and adopts by references the arguments contained in [his motion for relief from the February 19, 2022 order]," (Opp., p. 2), and made the following assertion in support of his argument: "The Defendant after having defaulted and the facts claimed having been deemed admitted, Defendant has waived its defenses including the claim for arbitration clause (request for stay)." (Id., at pp. 3-4.)

¶ 6    In its reply, Defendant reiterated his argument that this matter is subject to the Arbitration Agreement. (Reply, at p. 3.)

## A. Standard of Review

¶ 7    In *Whyte v. Bockino*, the Virgin Islands Supreme Court determined that Federal Arbitration Act (hereinafter "FAA") applies to the Virgin Islands but the "party seeking to compel arbitration must not only show that an agreement to arbitrate exists, but also show that the contract evidences an interstate nexus." 69 V.I. 749, 760-61 (V.I. 2018) (*"Whyte II"*). "In ruling on a motion to compel arbitration, the court must first determine whether the parties agreed to arbitrate and then whether they agreed to arbitrate the claims at issue, unless they agreed otherwise," *Cornwall v. V.I. Indus. Maint. Corp.*, 71 V.I. 203, 224 (Super. Ct. Aug. 26, 2019) (citing *Whyte II*, 69 V.I. at 7630 ("[I]n the absence of an agreement to the contrary ... [courts] are limited to determining ... which subjects the parties have agreed to arbitrate, according to their contract.") (quotation marks, brackets, ellipsis and citations omitted)). "'General principles of contract apply' to these determinations." *Id.* (quoting *Whyte II*, 69 V.I. at 764). Once the court concludes that the parties

agreed to arbitrate some or all of the claims at issue, assuming the parties did not leave the arbitrability issue to the arbitrator, then the court must determine whether the parties' contract has an interstate nexus. *See Id.* As the *Whyte II* court explained, "the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low" and "for an interstate nexus to exist, the parties' agreement need not be *in* interstate commerce nor have a *substantial* effect on interstate commerce." 69 V.I. at 761 (citations omitted) (emphasis in original). In other words, "the contract between the parties need only 'affect[ ] interstate commerce,' such as where the economic activities of at least one of the parties demonstrates a nexus to interstate commerce." *Id.* (citations omitted). "It is apparent then, that the FAA applies to the Virgin Islands when an interstate nexus can be demonstrated." *Ayala v. World Fresh Mkt.*, No. SX-20-CV-728, 2021 V.I. LEXIS 53, at *2 (V.I. Super. Ct. Feb. 10, 2021).

## B. Analysis

### 1. Whether the FAA is Applicable

#### a. Agreement to Arbitrate

¶ 8     The document titled "Arbitration Policy and Dispute Resolution Program" (hereinafter "Arbitration Agreement") provides in relevant part:

> During the term of your employment with National Industrial Services, LLC, and any of its subsidiaries, successor or assigns (collectively and individually, the "Company"), differences may arise between the Company or Third Party beneficiaries (defined below) and you in relation to your employment or your presence at any Company or Third Party Beneficiaries work site. You agree that all disputes between you and the Company and Third Party Beneficiaries will be decided by arbitration.
>
> . . .
>
> This arbitration policy and dispute resolution program extends to disputes with or claims against the Company or Third Party Beneficiaries and survive the termination of any employment, application for employment, or other change in employment or the

termination of any contract for the performance of services by any non-employee person or entity for the Company.

. . .

**By signing below you acknowledge that you understand the foregoing arbitration policy and dispute resolution program, and agree to be bound by, and voluntarily participate, in the arbitration policy and dispute resolution program, and that such acknowledgement and agreement is a condition of your application and/or employment (or continued employment) with the Company and of being permitted on the premises of Limetree Bay Terminals, LLC.**

(Motion, Exhibit 2-Arbitration Agreement.)

The Arbitration Agreement was executed by Plaintiff, Defendant, and a witness. Based on the foregoing, the Court finds that an agreement to arbitrate exists between Plaintiff and Defendant.

### b. Interstate Commerce

¶ 9 In its motion, Defendant alleged that "[t]he Limetree Bay refinery exports oil out of the territory, it is not a simple domestic production for domestic operation." (Motion, p. 5.) While the Court finds that Limetree Bay Terminals, LLC, while operating the Limetree Bay oil refinery, engages in interstate commerce, Defendant never clarified its connection with Limetree Bay refinery or Limetree Bay Terminals, LLC, or explained its own interstate nexus. Nevertheless, the Arbitration Agreement indicated that Limetree Bay Terminals, LLC is a client of Defendant and that the Arbitration Agreement was executed in connection with Plaintiff's "application and/or employment (or continued employment) with [Defendant] and of being permitted on the premises of Limetree Bay Terminals, LLC." (Motion, Exhibit 2-Arbitration Agreement.) As such, the Court finds that the Arbitration Agreement evidences an interstate nexus, as even the slightest nexus is sufficient. *See Whyte II*, 69 V.I. at 761 ("the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low" and "for an interstate nexus to exist, the parties' agreement need not be *in* interstate commerce nor have a *substantial* effect on interstate

commerce") (citations omitted) (emphasis in original), *see also, Hendricks v. Pinnacle Services, LLC*, 72 V.I. 630 (finding that in reviewing a motion for summary Judgment that the parties should not have to file another brief regarding the interstate nature of the business due to further briefing being a waste of judicial resources).

¶ 10   Based on the foregoing, the FAA is applicable in this instance, and this matter should be arbitrated.

## 2. Whether This Matter Should be Dismissed or Stayed Pending Arbitration

¶ 11   The Court must now determine whether this matter should be dismissed or stayed pending arbitration. In its motion, Defendant argued that "[t]he Court must dismiss the Complaint in favor of arbitration as the claims are governed by the Arbitration Agreement." However, Defendant's argument that this matter must be dismissed was perfunctory and made without supporting authority. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."); *see also, The Litwin Corp. v. Universal Oil Prods. Co.*, 69 V.I. 380, 387 (V.I. Super. Ct. Sept. 28, 2018) ("[I]t is not the Court's job to research and construct legal arguments open to parties. In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate.") (internal quotation marks and citation omitted). The Court declines to make such argument for Defendant. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As

such, the Court will deny the motion to dismiss pending arbitration and grant the motion to stay

pending arbitration and stay this matter pending the completion of arbitration.[4]

## II. Motion to Dismiss Count I for Failure to State a Claim Upon Which Relief can be Granted

¶ 12    In light of the Court's finding that this matter should be arbitrated and the fact that parties

explicitly agreed in the Arbitration Agreement that "[t]he arbitrator shall have authority to hear

and rule on a motion to dismiss and/or a motion for summary judgment by any party,"[5] the Court

finds that the arbitrator should decide on Defendant's motion to dismiss Count I for failure to state

a claim upon which relief can be granted. As such, the Court will strike this motion and if

Defendant wishes to pursue this motion, he can re-file it before the arbitrator.

### CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion to dismiss or in the alternative, motion to stay

pending arbitration, filed on January 18, 2022, is **DENIED** as to the motion to dismiss pending

arbitration and **GRANTED** as to the motion to stay pending arbitration. The parties shall

---

[4] Interestingly, Defendant never pointed out that, under the Arbitration Agreement, the parties had agreed that all substantive and procedural arbitrability shall be decided by arbitration. More specifically, the Arbitration Agreement provides:

> The arbitrator shall have authority to hear and rule on a motion to dismiss and/or a motion for summary judgment by any party. The arbitrator shall also arbitrate the issue of arbitrability of any claim... All matters of substantive and procedural arbitrability shall be decided by arbitration.

(Motion, Exhibit 2-Arbitration Agreement.)

As such, until Defendant or Plaintiff advised the Court that they had arbitrated as to the procedural issue of whether this matter should be dismissed or stayed pending arbitration and that the arbitrator decided that dismissal of this matter is appropriate, this matter will be stayed pending arbitration. *See e.g., Smith*, 2021 V.I. LEXIS 3 at **9-10 ("But if the agreement contains a delegation clause, or a provision agreeing that the arbitrator and not the court will decide both substantive and procedural arbitrability issues, then all questions concerning arbitration are for the arbitrator to decide.") (citing *Whyte II*, 69 V.I. at 763 ("'[I]n the absence of an *agreement to the contrary*, issues of substantive arbitrability are for a court to decide and issues of procedural arbitrability ...are for the arbitrators to decide.'" (emphasis added) (citation and ellipsis omitted)).

[5] *See* Id.

**ARBITRATE** this matter and this matter shall be **STAYED PENDING ARBITRATION**. It is further:

**ORDERED** that Defendant's motion to dismiss Count I for failure to state a claim upon which relief can be granted, filed on January 18, 2022, shall be and is hereby **STRICKEN**. It is further:

**ORDERED** that, **within sixty** **(60) days from the date of entry of this Memorandum Opinion Order**, the parties shall initiate arbitration proceedings, and that, **within five (5) days from the date of initiation of arbitration**, Parties shall file a notice advising the Court that the parties have initiated arbitration proceedings. It is further:

**ORDERED** that arbitration shall be completed on or before **September 31, 2021. And** it is further:

**ORDERED** that, **within fifteen (15) days from the date of completion of arbitration,** the parties shall file a joint notice with the Court advising the Court that the parties have completed arbitration and whether this conflict has been completely resolved.

**DONE and so ORDERED this** 18th **day of March, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 3/18/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**



**FILED**
March 19, 2022 01:08 PM
SX-2019-CV-00629
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

VERNAL EZEKIEL HERBERT,

PLAINTIFF,

v.

NATIONAL INDUSTRIAL SERVICES, LLC,

DEFENDANT.

Civil No. SX-19-CV-629

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

CITE AS: 2022 VI SUPER 30

**Appearances:**
**Eugenio W.A. Geigel-Simounet, Esq.**
GS Law Offices P.C.
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Gaylin Vogel**
Kevin F. D'Amour, P.C.
St. Thomas, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff Vernal Ezekiel Herbert's (hereinafter "Plaintiff") motion for relief from the February 19, 2022 order pursuant to Rule 59 and Rule 60 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 59" and "Rule 60"), filed on March 4, 2022.[1] On March 8, 2022, Defendant National Industrial Services, LLC's (hereinafter "Defendant") filed an opposition.

---

[1] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." V.I. R. CIV. P. 59(e). Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not, with reasonable diligence, have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether in a form previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. However, the February 19, 2022 order was not a final judgment or order because it is not a decree or an order from which an appeal lies and it did not end the litigation on the merits or disposes of the entire case. *See* V.I. R. CIV. P. 54(a) ("'*Judgment*' as used in these rules includes a decree and any order from which an appeal lies."); *see also, V.I. Conservation Soc'y v. Golden Resorts, LLLP*, 2010 V.I. Supreme LEXIS 21, at *9 (V.I. 2010) ("a final judgment, decision, or order is one that ends the litigation on the merits and leaves nothing ... to do but execute the judgment") (internal quotation marks and citation omitted); *Caribbean Healthways, Inc. v. James*, 55 V.I. 691, 697 n.3 (2011) ("In *Davis v. Allied Mortgage*

## BACKGROUND

¶ 2    On January 18, 2022, Defendant filed a motion to set aside entry of default and motion to dismiss or in the alternative, motion to stay. On February 10, 2022, Plaintiff filed a motion requesting an extension of time to oppose Defendant's January 18, 2022 motion.[2]

¶ 3    On February 19, 2022, entered an order whereby the Court noted that under Rule 6-1 of the Virgin Islands Rules of Civil Procedure, "[n]othing herein shall prohibit the court from ruling without a response or reply when deemed appropriate," V.I. R. Civ. P. Rule 6-1(f)(6), and ordered, inter alia, that "Defendant's motion to set aside entry of default and motion to dismiss or in the alternative, motion to stay, filed on January 18, 2022, is **GRANTED** as to Defendant's motion to set aside entry of default" and "that the default entered against Defendant on July 23, 2021 shall be and is hereby **VACATED**." (Feb. 19, 2022 Order, p. 5) (emphasis in original.) In the February 19, 2022, the Court explained:

### a. Standard of Review

Rule 55 of the Virgin Islands Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court or the clerk must enter the party's default" and that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." V.I. R. Civ. P. 55(a), (c). When "default judgment has not yet been entered ... an even more liberal standard [is] employed when reviewing a Motion to set aside default because it is more appropriate to

---

*Capital Corp.*, 53 V.I. 490[, 498-99] (2010), we held that a trial court's order that explicitly disposes of some, but not all, claims may be considered a final order when it implicitly rules on the remaining claims, renders the remaining claims moot, or the remaining claims were never properly before the trial court because of a procedural or jurisdictional defect."). To the contrary, the February 19, 2022 order anticipated that the litigation would re-start—to wit, Defendant has now appeared in the matter and filed a motion to dismiss. The fact that Plaintiff expressly evoked Rule 59 and Rule 60 does not, in and of itself, cause the motion to arise pursuant to Rule 59(e) and Rule 60. As such, the Court finds that Rule 59(e) and Rule 60 is not applicable in this instance. Nevertheless, this is not a fatal error to Plaintiff's motion. Based upon the substance of Plaintiff's motion, the Court will construe it as a motion for reconsideration of the February 19, 2022 order. *See Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1 (2019) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) ("[T]he substance of a motion, and not its caption, shall determine under which rule the motion is construed.").

[2] Plaintiff's February 10, 2022 motion for extension was filed after the deadlines for Plaintiff to file a response to Defendant's January 18, 2022 motions have expired. Under Rule 6-1 of the Virgin Islands of Civil Procedure, "[u]nless otherwise ordered by the court, a party shall file a response within 14 days after service upon the party of any motion -- except a motion filed pursuant to Rule 12..., in which case, "[a] party shall file a response within 20 days after service of a motion under Rule 12 upon the party." V.I. R. Civ. P. 6-1(f)(1)-(2).

address an action on its merits whenever possible." *Hansen v. Beni Iguana's, Inc.*, 2016 V.I. LEXIS 187, at \*8 (V.I. Super. Ct. Nov. 4, 2016).

### b. Analysis

According to the March 12, 2021 letter from the Lieutenant Governor's Office, Division of Corporation and Trademarks, Denise Johannes, Director, a copy of the process was served on Defendant's last known agent. As a Virgin Islands limited liability company, it is Defendant's responsibility to ensure that the Office of the Lieutenant Governor has its most current information, and that Defendant can receive notices from the Office of the Lieutenant Governor. Nevertheless, the Court must acknowledge that Defendant filed this instant motion to set aside entry of default soon after becoming aware of the complaint on January 10, 2022. Moreover, Plaintiff has not moved for a default judgment and a default judgment has not been entered. Taking everything in consideration, the Court finds good cause to set aside the entry of default entered against Defendant. As such, the Court will vacate the default entered against Defendant and also vacate the portion of the January 20, 2022 order ordering Plaintiff to make an appropriate filing to move this matter forward as to the defaulted Defendant on or before February 28, 2022.

(Feb. 19, 2022 Order, p. 4) (footnote omitted).

On March 4, 2022, Plaintiff filed this instant motion.

## STANDARD OF PROCEDURE

¶ 3     Virgin Islands Rule of Civil Procedure Rule 6-4 (hereinafter "Rule 6-4") governs motions for reconsideration. Rule 6-4(a) provides that "[e]xcept as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court. V.I. R. Civ. P. Rule 6-4(a). Rule 6-4(b) provides that "[a] motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court." V.I. R. Civ. P. Rule 6-4(b). *See also, Arvidson v. Buchar*, 72 V.I. 50, 64 (Super. Ct. Nov. 4, 2019) ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)"). Generally, "[a] motion for reconsideration is not a second bite of the

apple... [Instead, it] is intended to focus the parties on the original pleadings as the 'main event,' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions." *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008) In determining whether to grant such a motion, the Court operates with "the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*, 49 V.I. at 458.

## DISCUSSION[3]

¶ 4      In his motion, Plaintiff essentially argued that the Court should not have found good cause to grant Defendant's motion to set aside entry of default and therefore, should not have vacated the default entered against Defendant.[4] (Motion.)

¶ 5      In its opposition, Defendant pointed out that "Plaintiff did not specify the grounds for his motion other than a general citation to the rules" and thus, making it "impossible for Defendant to properly respond to the instant motion." (Opps., 2.) Nevertheless, Defendant argued that the Court was "correct in its finding that there was good cause to set aside the entry of default."[5] (Id., at p. 4.)

---

[3] As a preliminary matter, the Court notes that Plaintiff's motion for reconsideration was timely filed.

[4] The Court notes that is an argument that Plaintiff could have and should have raised previously in his response to Defendant's January 18, 2022 motion, and therefore, should not be considered by the Court in a motion for reconsideration. *In re Infant Sherman*, 49 V.I. at 457 ("A motion for reconsideration is not a second bite of the apple... [Instead, it] is intended to focus the parties on the original pleadings as the 'main event,' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions."). However, as noted above, Plaintiff did not file a timely opposition, and although Plaintiff subsequently filed a motion for extension after the deadline to file a response to Defendant's January 18, 2022 has passed, the Court found it appropriate to rule on Defendant's January 18, 2022 motion without Plaintiff's response. Thus, Plaintiff did not have the opportunity to raise this argument. The Court will consider Plaintiff's argument in this instance but reminds Plaintiff to comply with the deadlines set forth in the applicable rules.

[5] Defendant referenced:

¶ 6    Based on Plaintiff's assertions in his motion, the Court concludes that Plaintiff filed his motion for reconsideration of the Court's February 19, 2022 order on the need to correct clear error of law.

### 1. The Need to Correct Clear Error of Law

¶ 7    "When assessing a motion for reconsideration based on 'the need to correct clear error of law,' the court may grant the motion when its prior decision applied an incorrect legal precept or failed to conduct proper legal analysis using the correct legal precept." *Arvidson v. Buchar*, 72 V.I. 50, ¶ 4 (Super. Ct. Nov. 4, 2019); *see Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 706, 713-715, 716-718 (V.I. 2010) (affirming, in part, and vacating and remanding, in part, a trial court's denial of a motion for reconsideration because, in denying the motion, the trial court (1) correctly applied the law when finding no good cause existed for extending the time for service of process but (2) incorrectly applied the law after finding no good cause existed and then failing to complete the second step required by the rule, which prescribed the court to assess whether any additional factors warranted granting a permissive extension of time to effectuate service of process); *see also Merchants Commercial Bank*, 2019 V.I. LEXIS 145 at *5-6 (Super. Ct. Nov. 22, 2019) (quoting *Smith*, 2018 V.I. LEXIS 13 at *13 n.48) ("When analyzing a motion for reconsideration based on 'the need to correct clear error of law'..., the Court's determination depends on whether the Court, in its prior decision, 'applied an incorrect legal precept or failed to conduct proper legal analysis using the correct legal precept."). The Court looks to the moving party to "specify the legal precept it should have applied" or "show how the correct legal precept was applied incorrectly in its earlier opinion." *See Smith*, 2018 V.I. LEXIS 13 at *17-18 ("As case law interpreting Virgin Islands Rule of Civil Procedure 6-4(b)(3) illustrates, the Court looks to Smith (1) to specify the legal precept it should have applied or (2) to show how the correct legal precept was applied incorrectly in its earlier Opinion (i.e., legal authority which would enable the Court to

rule for the first time on his personal injury claim in the context of his legal malpractice-related

claims or to rule his legal malpractice-related claims ripe).").

¶ 8    Here, Plaintiff argued that, to determine good cause for a motion to set aside entry of

default, the Court should have applied the three-factor test as the courts did in *James v. Williams*,

26 V.I. 20 (V.I. 1990), a case from the Virgin Islands Territorial Court, and *Defoe v. Lesley*, 18

V.I. 307 (V.I. 1981), a case from the Virgin Islands District Court Appellate Division.[6] The Virgin

Islands Supreme Court, in a pre-*Banks* opinion entered in *Spencer v. Navarro*, 2009 V.I. Supreme

LEXIS 25, *4 (V.I. 2009), also identified the same three-factor test to consider in determining

whether to set aside a default judgment.[7] However, for the three-factor test, the Virgin Islands

Supreme Court cited to a Third Circuit case that originated from Pennsylvania. Accordingly, the

three-factor test in *Spencer* it is not binding authority on this Court. *See In re Catalyst Third-Party*

*Litig.*, 67 V.I. 3, 5 n.3 (V.I. Super. Ct. Nov. 18, 2015) (noting that the three-factor test identified

in *Spencer* is not binding authority because the Virgin Islands Supreme Court cited to a Third

Circuit case that originated from Pennsylvania).

---

[6] In *James*, the court held that "the motion to set aside should be granted whenever: (1) the non-defaulting party will not be prejudiced by the reopening; (2) the defaulting party has a meritorious defense; and (3) default was not the result of inexcusable neglect or a wilful act." 26 V.I. at 23. In *Defoe*, the court held that "[f]actors to be considered in determining the "good cause" necessary to set aside a default judgment are that movant had a good excuse for the default, a meritorious defense, and moved to set aside default within a reasonable time." 18 V.I. at 312.

[7] In *Spencer*, the Virgin Islands Supreme Court held that "the three factors that courts generally consider in determining whether to set aside a default judgment: "[(1)] whether vacating the default judgment will visit prejudice on the plaintiff, [(2)] whether the defendant has a meritorious defense, and [(3)] whether the default was the result of the defendant's culpable conduct." 2009 V.I. Supreme LEXIS 25, * 4. It is puzzling why Plaintiff cited to *James*, a case from the Virgin Islands Territorial Court, and *Defoe*, a case from the Virgin Islands District Court Appellate Division, when there is a case from Virgin Islands Supreme Court on the same issue. As for *James*, Plaintiff failed to cite to any authority to support his proposition that a decision from the Territorial Court is binding on this Court. *See In re Q.G.* 60 V.I. 654, 661 n.8 (V.I. 2014) ("the decision of a single Superior Court judge…is not binding precedent on other Superior Court judges"). As for *Defoe*, for the three-factor test in *Defoe*, the Virgin Islands District Court Appellate Division cited to two cases from the Eastern District of Pennsylvania District Court, and is therefore, also not binding authority on this Court.

Neither *James* nor *Defoe* is binding authority on this Court.

¶ 9    Thus, Plaintiff failed to specify the correct legal precept the Court should have applied in the February 19, 2022 order or show how the correct legal precept was applied incorrectly in the February 19, 2022 order. *See Smith*, 2018 V.I. LEXIS 13 at *17-18. The Court declines to make such arguments on Plaintiff's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Thus, the Court finds that Plaintiff failed to demonstrate that there was a clear error of law in the February 19, 2022 order. As such, the Court will deny Plaintiff's motion for reconsideration.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Plaintiff's motion for reconsideration, filed on March 4, 2022, is **DENIED**.

**DONE and so ORDERED this __18th__ day of March, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: __3/18/2022__

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 19, 2022 01:09 PM
SX-2019-CV-00629
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **Vernal Ezekiel Herbert,** | Case Number: **SX-2019-CV-00629** |
| **Plaintiff** | Action: **Damages** |
| **v.** | |
| **National Industrial Services, LLC,** | |
| **Defendant.** | |

## NOTICE of ENTRY
### of
### <u>Memorandum Opinion and Order</u>

**To:** Eugenio W. A. Geigel-Simounet, Esq.          Gaylin Vogel, Esq.

**Please take notice that on March 19, 2022**
a(n) _____ **Memorandum Opinion and Order** _____
dated          **March 18, 2022**          was/were entered
**by the Clerk in the above-titled matter.**

**Dated:** **March 19, 2022**

                                                                    **Tamara Charles**
                                                                    **Clerk of the Court**
                                    By:

                                                                    **Janeen Maranda**
                                                                    **Court Clerk II**